1  ROBERT H. BUNZEL (SBN 99395)
    *rbunzel@bzbm.com*
2  MICHAEL D. ABRAHAM (SBN 125633)
    *mabraham@bzbm.com*
3  JAYNE LAIPRASERT (SBN 256930)
    *jlaiprasert@bzbm.com*
4  TIFFANY S. HANSEN (SBN 292850)
    *thansen@bzbm.com*
5  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
6  One Embarcadero Center, Suite 800
   San Francisco, California 94111
7  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
8
   Attorneys for Defendant
9  A.J. BOGGS & COMPANY

10                    UNITED STATES DISTRICT COURT

11            EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

12

13  | JOHN DOE, individually and on behalf of all others similarly situated, | Case No. |
14  | | **NOTICE OF REMOVAL OF ACTION** |
15  |          Plaintiff, | |
16  |          v. | |
17  | A.J. BOGGS & COMPANY; and DOES 1-100,, | |
18  |          Defendants. | |

19

20  **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
    CALIFORNIA AND TO PLAINTIFF AND ITS COUNSEL OF RECORD:**
21

22        **PLEASE TAKE NOTICE** that Defendant A.J. Boggs & Company (hereinafter

23  "Defendant") hereby removes this case from the Superior Court of the State of California for the

24  County of Fresno to the United States District Court for the Eastern District of California.

25  Defendant removes this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, as amended in

26  relevant part by the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 ("CAFA"),

27  and authorized by 28 U.S.C. § 1453.

28

## I.     BACKGROUND

1.     On or about September 11, 2018, Plaintiff John Doe, individually and on behalf of all others purportedly similarly situated (hereinafter "Plaintiffs") filed a complaint in California Superior Court, County of Fresno, captioned *John Doe, individually and on behalf of all others similarly situated v. A.J. Boggs & Company, and Does-100,* Case No. 18CECG03378 (the "Complaint").

2.     In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the: (i) Complaint; (ii) Summons; (iii) Civil Case Cover Sheet; and (iv) Notice of Case Management Conference and Assignment of Judge for All Purposes; all personally served on Defendant's agent for service on September 23, 2018, as well as (v) the filed Proof of Service, (vi) Notice of Change of Address; and (vii) Stipulation and [Proposed] Order Extending Time for Defendant A.J. Boggs & Company to Respond to Plaintiff's Complaint, are attached as group Exhibit 1 to the Declaration of Jayne Laiprasert ("Laiprasert Decl.") concurrently served and filed herewith.

3.     The Complaint purports to assert Violations of the Confidentiality of Medical Information Act ("CMIA") claims against Defendant.

4.     Since the Doe defendants have not yet been served, they need not join or consent to Defendant's Notice of Removal.  *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (named defendants not yet served in state court action need not join in notice of removal).

## II.    NOTICE OF REMOVAL IS TIMELY

5.     Whether a case can be removed under 28 U.S.C. § 1446(b) is determined through examination of the "four corners" of the applicable pleading.  The first of two possible thirty-day time periods for removal is triggered by a defendant's receipt of an "initial pleading" that reveals a basis for removal.  *See* 28 U.S.C. § 1446(b).

6.     Defendant was personally served through its agent for service with the Summons, Complaint, Civil Case Cover Sheet and Notice of Case Management Conference and Notice of Assignment of One Judge for All Purposes on September 23, 2018.  Laiprasert Decl. at ¶ 4 and group Exhibit 1 [Item v, filed Proof of Service].  Pursuant to California Code of Civil Procedure

1   § 415.10, service of process on the Defendant was therefore deemed complete on September 23,

2   2018.  *See* Cal. Code Civ. Proc. § 415.10

3        7.      Thus, removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty

4   days of receipt of Plaintiffs' "initial pleading" – the Complaint – by Defendant, as triggered by

5   service of process, from which Defendant could first ascertain that this case was properly

6   removable.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (fax

7   of file-stamped copy of complaint insufficient to trigger removal period).

8   **III.    THE VENUE REQUIREMENT IS MET**

9        8.      Venue is proper because this Court is the United States District Court for the

10  district and division corresponding to the place where the state court action is pending (the

11  Superior Court of the State of California, County of Fresno).  28 U.S.C. § 84 and Civil L.R.

12  120(d).  This Notice of Removal is therefore properly filed in this Court pursuant to 28 U.S.C. §

13  1441(a).

14  **IV.    JURISDICTION AND BASIS FOR REMOVAL**

15       9.      This action is removable pursuant to 28 U.S.C. § 1441(a) because this is an action

16  over which this Court has original jurisdiction.

17       10.     This Court possesses original jurisdiction over this action under CAFA, 28 U.S.C.

18  § 1332(d), which grants district courts original jurisdiction over class actions (1) involving an

19  alleged plaintiff class of 100 or more members; (2) where any member of the proposed class is a

20  citizen of a state different from any defendant; and (3) the amount in controversy exceeds

21  $5,000,000 in the aggregate, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2); *see also*

22  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) (explaining that "CAFA's

23  provisions should be read broadly" (internal quotation marks omitted)).  This is a putative class

24  action in which at least one member of the class of plaintiffs is a citizen of a state different from that

25  of Defendant, the number of members of the putative class of plaintiffs is more than 100, and the

26  amount in controversy, if Plaintiffs proves their allegations, exceeds $5,000,000, exclusive of

27  interest and costs. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

28

## THE PROPOSED CLASS CONSISTS OF OVER 100 MEMBERS

11.     The Class Action Fairness Act ("CAFA") defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).

12.     This action meets the CAFA definition of a class action.  *See* Laiprasert Decl. at ¶ 3, and group Ex. 1 [Item i, Complaint] at ¶¶ 3-4, 27-36.  Plaintiffs purport to bring claims on behalf of "[a]ll citizens of the state of California who were participants in California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and medical information were stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016." *Id.* ¶ 27.  Plaintiffs also allege that California has approximately 30,000 people, including Plaintiff, enrolled in ADAP.  *Id.* ¶ 103.  Based on Plaintiffs' purported class definition, the aggregate number of class members exceeds 100 persons.  *See* 28 U.S.C. § 1332(d)(5)(B).

## THERE IS MINIMAL DIVERSITY IN CITIZENSHIP

13.     Minimal diversity exists between Defendant and the members of the putative class under 28 U.S.C. §1332(d)(2)(A).  Under CAFA, diversity of citizenship is satisfied where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14.     A corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).  "The term 'principal place of business' means 'the place where a corporation's officers direct, control, and coordinate the corporation's activities.'" *Martinez v. Michaels*, 2015 WL 4337059, at *3 (C.D. Cal. July 15, 2015) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010)).

15.     Defendant is a Michigan corporation with its headquarters located in East Lansing, Michigan.  *See* Laiprasert Decl. at ¶ 3, and group Ex. 1 [Item i, Complaint] at ¶ 11 (alleging that A.J. Boggs is a "Michigan corporation.")  Accordingly, Defendant is a citizen of Michigan for diversity purposes.

16.     Plaintiffs have brought this action on behalf of a class of "["[a]ll citizens of the state of California who were participants in California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and medical information were stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016." *Id.* ¶ 27.

17.     Because Defendant is from a state other than California, and the purported class is limited to California citizens, minimal diversity is satisfied for purposes of CAFA jurisdiction. *See* 28 U.S.C. § 1332(d)(2)(A).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

18.     Additionally, the amount in controversy in this action satisfies CAFA's $5,000,000 jurisdictional threshold.  Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  To determine the amount in controversy, courts first look to the complaint and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id.* (citation omitted).  Accordingly, "in assessing the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Campbell v. Vitran Express, Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012) (citation omitted).  Where a complaint does not specify the amount of damages sought, the removing defendant need only establish that it is more likely than not that the amount in controversy requirement has been met. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  "The removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

19.     Although Defendant contends that the allegations in the Complaint are without merit and that neither Plaintiffs nor the putative class members have suffered any injury whatsoever, the amount in controversy here exceeds the $5,000,000 threshold.  Here, Plaintiffs seek to represent a statewide class of customers who participated in California's ADAP and whose identities, personal

1  data, and medical information were purportedly stored in the ADAP enrollment Internet portal

2  during the putative class period.  Laiprasert Decl. at ¶ 3, and group Ex. 1 [Item i, Complaint] at ¶

3  27.  Plaintiffs have alleged that California has approximately 30,000 people enrolled in ADAP, and

4  seek to recover statutory nominal damages of one thousand dollars ($1,000) for each violation,

5  which, on its face, satisfies the $5,000,000 minimum.  Plaintiffs also seek unknown actual damages,

6  which would also contribute to the amount in controversy.

7        20.    In addition, Plaintiffs seeks to recover their attorneys' fees, which contribute to the

8  alleged amount in controversy.  Laiprasert Decl. at ¶ 3, and group Ex. 1 [Item i, Complaint] at 12

9  (Prayer for Relief);  *see Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)

10  (including attorneys' fees in calculating amount in controversy), *overruled on other grounds by*

11  *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345 (2013); *Kroske v. US. Bank Corp.*, 432 F.3d 976,

12  980 (9th Cir. 2005) (including attorney's fees in amount in controversy); *Galt G/S v. JSS*

13  *Scandinavia*, 142 F.3d 1150, 1155– 56 (9th Cir. 1998) (including attorneys' fees in calculating the

14  amount in controversy requirement for traditional diversity jurisdiction).

15        21.    Thus, while Defendant disputes it is liable to Plaintiffs or any putative class

16  member—or that Plaintiffs or any putative class member suffered an unauthorized disclosure or

17  injury or incurred damages or is entitled to statutory nominal damages in any amount whatsoever—

18  to the extent that the Plaintiffs seek statutory nominal damages of $1,000 per violation and purport

19  to allege a statewide class of 30,000 ADAP enrollees —and to the extent that Plaintiffs seek

20  additional actual damages and attorneys' fees— the amount in controversy satisfies the $5,000,000

21  threshold for satisfying CAFA's jurisdictional prerequisites.

22                                  **NO EXCEPTION TO CAFA APPLIES**

23        22.    Although CAFA contains several exceptions, which, where applicable, may prevent

24  the Court from exercising jurisdiction under CAFA, these exceptions do not impose additional

25  jurisdictional requirements.  *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1023 (9th Cir. 2007)

26  ("[T]he provisions set forth in §§ 1332(d)(3) and (4) are not part of the prima facie case for

27  establishing minimal diversity jurisdictional under CAFA, but, instead, are exceptions to

28  jurisdiction.").  Rather, it is plaintiff's burden to demonstrate that an exception to CAFA applies. *Id.*

1   at 1023–24 (requiring the party seeking remand to demonstrate the applicability of the "home state"

2   and "local controversy" exceptions to CAFA); *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d

3   1199, 1206 (E.D. Cal. 2008).  Here, Plaintiffs will not be able to demonstrate that an exception to

4   CAFA applies.

5   **PLAINTIFFS' CLAIMS ARE VIRTUALLY IDENTICAL TO A FEDERAL CLASS
    ACTION PENDING BEFORE THE CENTRAL DISTRICT OF CALIFORNIA UNDER
6   CAFA**

7         21.     Removal under CAFA is also supported by the fact that a virtually identical purported

8   class action suit against Defendant was filed in the Central District of California one day after this

9   case, on September 12, 2018 (the "CD Cal. Action").  *See* Laiprasert Decl., Ex. 2 [CD Cal.

10  Complaint].  Like the Plaintiffs in the Fresno Action, the plaintiffs in the CD Cal. Action seek to

11  represent a putative class defined as "All citizens of the State of California who were enrolled in

12  California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and

13  medical information were stored on the ADAP enrollment Internet portal between August 16, 2016

14  and December 17, 2016." *Id.*, Ex. 2 [CD Cal. Complaint] at 28.  Similarly, the complaint in the CD

15  Cal. Action claims that "California has approximately 30,000 people, including Plaintiffs, enrolled

16  in ADAP." *Id.*, Ex. 2 at ¶ 19.  Plaintiffs in the CD Cal. Action accordingly assert jurisdiction "under

17  28 U.S.C. § 1332(d) of the Class Action Fairness Act ("CAFA") because the amount in controversy

18  exceeds the sum or value of $5,000,000, exclusive of interest and costs, with at least one member

19  of the proposed Class being a citizen of a different state than Defendant."  *Id.*, Ex. 2 [CD Cal.

20  Complaint] at ¶ 8.

21  **NOTICE TO PLAINTIFFS AND STATE COURT**

22        23.     As required by 28 U.S.C. § 1446(d), written notice of the removal of this action

23  will be given to Plaintiffs' Counsel of Record, Patrick N. Keegan of Keegan & Baker LLP, and a

24  Notice of the Filing of this Notice of Removal will be filed with the Clerk of the California

25  Superior Court for the County of Fresno.  A true copy of the Notice of Filing of Notice of

26  Removal is attached hereto as Exhibit A.

27

28

1

**<u>CONCLUSION</u>**

2      24.      This Court, therefore, has jurisdiction over this case such that removal is proper

3  pursuant to 28 U.S.C. § 1332(d), 1441(a), and 1446.

4            WHEREFORE, Defendant respectfully requests that this action proceed in this

5  Court as an action properly removed to it.

6

7  DATED:  October 22, 2018

8                                    BARTKO, ZANKEL, BUNZEL & MILLER
                                     A Professional Law Corporation

9

10                               By: _____*/s/ Jayne Laiprasert*_____
                                        Jayne Laiprasert
11                                   Attorneys for Defendant
                                     A.J. BOGGS & COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28