1 | ROBERT H. BUNZEL (SBN 99395)
    *rbunzel@bzbm.com*
2 | MICHAEL D. ABRAHAM (SBN 125633)
    *mabraham@bzbm.com*
3 | JAYNE LAIPRASERT (SBN 256930)
    *jlaiprasert@bzbm.com*
4 | TIFFANY S. HANSEN (SBN 292850)
    *thansen@bzbm.com*
5 | BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
6 | One Embarcadero Center, Suite 800
San Francisco, California 94111
7 | Telephone: (415) 956-1900
Facsimile:  (415) 956-1152
8
Attorneys for Defendant
9 | A.J. BOGGS & COMPANY

10 | UNITED STATES DISTRICT COURT

11 | EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

12

13 | JOHN DOE, individually and on behalf of all others similarly situated,

    Case No.

14 |         Plaintiff,

**DECLARATION OF JAYNE LAIPRASERT IN SUPPORT OF DEFENDANT A.J. BOGGS & COMPANY'S NOTICE OF REMOVAL**

15 |     v.

16

17 | A.J. BOGGS & COMPANY; and DOES 1-100,,

18 |         Defendants.

19

20 |     I, JAYNE LAIPRASERT, declare:

21 |     1.    I am an attorney licensed to practice law in the State of California and am a

22 | Principal at the law firm of Bartko Zankel Bunzel & Miller, counsel for Defendant A.J. Boggs &

23 | Company (hereinafter "Defendant") in this matter.  I make this declaration based upon personal

24 | knowledge of the facts set forth below, and if called as a witness, would and could competently

25 | testify to these facts.

26 |     2.    On or about September 11, 2018, Plaintiff John Doe, individually and on behalf of

27 | all others purportedly similarly situated (hereinafter "Plaintiff") filed a complaint in California

28 | Superior Court, County of Fresno, captioned *John Doe, individually and on behalf of all others*

2655.000/1339785.1

Case No.

1  *similarly situated v. A.J. Boggs & Company, and Does 1-100,* Case No. 18CECG03378 (the

2  "Complaint").

3    3.    I have reviewed Plaintiff's Complaint, and based on my review of the California

4  Fresno Superior Court online docket, the only pleadings, or orders related to this case that have

5  been filed in Fresno County Superior Court, or served by a party, are the:  (i) Complaint;

6  (ii) Summons; (iii) Civil Case Cover Sheet; (iv) Notice of Case Management Conference and

7  Assignment of Judge for All Purposes; (v) Proof of Service; (vi) Notice of Change of Address;

8  and (vii) Stipulation and [Proposed] Order Extending Time for Defendant A.J. Boggs & Company

9  to Respond to Plaintiff's Complaint.  True and correct copies of these documents are attached

10  hereto as group **Exhibit 1**.

11    4.    As the Proof of Service filed with the California Fresno Superior Court indicates,

12  Defendant was served through its agent for service on September 23, 2018.  *See* **Exhibit 1** [Proof

13  of Service].

14    5.    On or about September 12, 2018, Plaintiffs John Doe1, John Doe2 and John Doe3 ,

15  individually and on behalf of all others purportedly similarly situated, filed a complaint in the

16  United States District Court, Central District of California – Southern Division, captioned *John*

17  *Doe1, John Doe2, and John Doe3, individually and on behalf of all others similarly situated v.*

18  *A.J. Boggs & Company*, Case no, 8:18-cv-01652 (the "CD Cal. Action").  A true and correct copy

19  of the complaint in the CD Cal.  Action as available on PACER is attached hereto as **Exhibit 2**.

20    I declare under penalty of perjury under the laws of the United States of America that the

21  foregoing is true and correct and this Declaration was executed this 22 day of October, 2018, in

22  San Francisco, California.

23

24                                          */s/ Jayne Laiprasert*
                                    JAYNE LAIPRASERT
25

26

27

28

# EXHIBIT 1

E-FILED
9/11/2018 12:43 PM
FRESNO COUNTY SUPERIOR COURT
By: J. Nelson, Deputy

1  Patrick N. Keegan, Esq. (SBN 167698)
   **KEEGAN & BAKER, LLP**
2  6156 Innovation Way
   Carlsbad, California 92009
3  Telephone: (760) 929-9303
   Facsimile:  (760) 929-9260
4

5            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

6                    **FOR THE COUNTY OF FRESNO**

7  JOHN DOE, individually and on behalf of all        )  Case No.:  18CECG03378
   others similarly situated,                         )
8                                                      )
                                                       )  **CLASS ACTION COMPLAINT FOR**
9                       Plaintiff(s),                  )  **DAMAGES AND INJUNCTIVE RELIEF**
                                                       )  **FOR VIOLATIONS OF:**
10                                                     )
11          vs.                                        )      **(1) THE CONFIDENTIALITY OF**
                                                       )          **MEDICAL INFORMATION ACT,**
12  A.J. BOGGS & COMPANY; and DOES 1-100;             )          **CIVIL CODE §§ 56, *ET SEQ*.**
                                                       )
13                                                     )
                        Defendant(s).                  )  **DEMAND FOR JURY TRIAL**
14                                                     )
                                                       )
15  ─────────────────────────────────

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

                                    - 1 -
                          CLASS ACTION COMPLAINT

Plaintiff JOHN DOE ("Plaintiff")[1], a pseudonym used to protect the privacy of the named Plaintiff, brings this class action on behalf of himself individually and all others similarly situated, by and through his attorneys, against Defendant A.J. BOGGS & COMPANY ("A.J. Boggs") and alleges upon information and belief as follows:

## INTRODUCTION

1.      Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.* (hereinafter referred to as the "Act"), Plaintiff JOHN DOE ("Plaintiff"), and all other persons similarly situated, had a right to keep their personal medical information provided to Defendant A.J. BOGGS & COMPANY ("A.J. Boggs" or "Defendant") confidential.   The short title of the Act states, "The Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved.   It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The Act specifically provides that "a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a).   The Act further provides that "Every provider of health care, health care service plan, pharmaceutical company, or contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes of medical records shall do so in a manner that preserves the confidentiality of the information contained therein. Any provider of health care, health care service plan, pharmaceutical company, or contractor who negligently creates, maintains, preserves, stores, abandons, destroys, or disposes

---

[1] A court may permit plaintiff to proceed under a fictitious name when exceptional circumstances justify protecting his or her true identity, including matters of a highly sensitive and personal nature (e.g., HIV-positive status).   *Doe v. Sup.Ct. (Luster)* (2011) 194 Cal.App.4th 750, 754, The Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1086 (9th Cir. 2000). A pseudonym has been used in place of Plaintiff's real name due to privacy concerns as Plaintiff has a reasonable fear of severe stigma, harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case.

of medical records shall be subject to the remedies ... provided under subdivisions (b) ... of Section 56.36." Civil Code § 56.101(a).

2.    Civil Code § 56.36(b) provides Plaintiff, and all other persons similarly situated, with a private right to bring an action against Defendant for violation of Civil Code § 56.101 by specifically providing that "[i]n addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following: (1) ... nominal damages of one thousand dollars ($1,000).   In order to recover under this paragraph, *it shall not be necessary that the plaintiff suffered or was threatened with actual damages.* (2) The amount of actual damages, if any, sustained by the patient." (Emphasis added.)

3.    This class action is brought on behalf of Plaintiff and a putative class ("the Class") defined as:

> All citizens of the state of California who were participants in California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and medical information were stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016.

4.    As alleged in greater detail below, between August 2016 and December 2016, Plaintiff and other similarly situated members of the putative class were participants in California's AIDS Drug Assistance Program ("ADAP").   Plaintiff and other program participants relied on Defendant A.J. Boggs, the company contracted to administer program enrollment, to not only aid them in procuring life-saving medications to keep HIV under control, but to keep their personal medical information, including their identities as HIV-positive individuals, strictly confidential as required by the CMIA and other applicable laws. As alleged more fully below, Defendant negligently created, maintained, preserved, and stored Plaintiff's and the Class members' confidential medical information without Plaintiff's and the Class members' prior written authorization, which constitutes an unauthorized release of their confidential medical information in violation of Civil Code § 56.101 of the Act.   Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff seeks for himself and on behalf of all others similarly situated, nominal damages from Defendant in the amount of one thousand dollars

($1,000) for each violation under Civil Code §56.36(b)(1). Additionally, Plaintiff, individually an on behalf of all others similarly situated, seeks injunctive relief.

5.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6.      While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7.      Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that defendant named.

**JURISDICTION AND VENUE**

8.      This Court has jurisdiction over this action under California Code of Civil Procedure § 410.10. The aggregated amount of damages incurred by Plaintiff and the Class exceeds the $25,000 jurisdictional minimum of this Court. Further, the amount in controversy as to Plaintiff individually and each individual Class member does not exceed $75,000, including interest and any pro rata award of attorneys' fees, costs, and damages.

9.      Venue is proper in this Court under California Bus. & Prof. Code § 17203, Code of Civil Procedure §§ 395(a) and 395.5 because Defendant does business in the State of California and in the County of Fresno. Defendant has obtained medical information in the transaction of business in the County of Fresno, which has caused both obligations and liability of Defendant to arise in the County of Fresno. Further, Plaintiff is also a resident of the County of Fresno.

**PARTIES**

10.      Plaintiff is a resident and citizen of the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

11.      Defendant A.J. Boggs & Company was the private contractor responsible for administering California's ADAP enrollment services from April 2016 to March 2017. A.J. Boggs is a Michigan corporation headquartered in East Lansing, Michigan.

12.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sue the Defendants by such fictitious names under the Code of Civil Procedure § 474. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court and/or amend this complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES 1 through 100 when such identities become known.  Any reference made to a named Defendant by specific name or otherwise, individually or plural, is also a reference to the actions or inactions of DOES 1 through 100, inclusive.

13.     At all times herein mentioned, Defendants, and each of them, were an agent or joint venturer of each of the other Defendants, and in doing the acts alleged herein, were acting with the course and scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-defendant, and/or retained the benefits of said wrongful acts.

14.     Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiff and the Class, as alleged herein.  In taking action, as particularized herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of his/her/its primary wrongdoing and realized that his/her/its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

///
///
///
///
///
///
///

**FACTUAL ALLEGATIONS**

15.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

16.     Plaintiff is a resident and citizen of the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.[2]

17.     Defendant A.J. Boggs & Company was the private contractor responsible for administering California's ADAP enrollment services from April 2016 to March 2017. A.J. Boggs is a Michigan corporation headquartered in East Lansing, Michigan.

18.     Enrollment in ADAP requires applicants to provide detailed information about their HIV-related health care, as well as access to their medical records. California has approximately 30,000 people, including Plaintiff, enrolled in ADAP. At all relevant times, all people enrolled in California's ADAP were people diagnosed and living with HIV.

19.     As the ADAP enrollment contractor, A.J. Boggs was privy to Plaintiff's confidential medical information. As a custodian of the private health information of its clients, the ADAP administrator is required by state law to ensure that such information is not disclosed or disseminated without the clients' consent.

20.     Among the services that A.J. Boggs was contracted by the CDPH to provide was an "ADAP enrollment portal." The ADAP enrollment portal allows authorized case managers to enroll clients in ADAP, to enter aspects of their clients' confidential medical information into the system, and to subsequently access the private health information of individuals enrolled through the organization for which the authorized case manager works. A.J. Boggs built its online ADAP enrollment and management system itself from scratch, and made its ADAP enrollment portal fully functional on July 1, 2016.

---

[2] Under the Ryan White CARE Act, 42 U.S.C. § 300ff *et seq*., each state is eligible to receive federal funding to conduct a program that helps ensure access to HIV medications for lower income people living with HIV who are not eligible for Medicaid and do not have an alternative source to obtain HIV medications at a reasonable cost. A program authorized under this section of the Ryan White CARE Act is called an AIDS Drug Assistance Program. 42 U.S.C. § 300ff-21 *et seq*.

CLASS ACTION COMPLAINT

21.     On or about on August 16, 2016, a security vulnerability in the enrollment portal was exploited, and the private health information of ADAP clients, including Plaintiff, was left vulnerable to unauthorized third-party access.  On information and belief, this security vulnerability went unnoticed by A.J. Boggs through the end of November 2016.

22.     On or about February 7, 2017, CDPH discovered that between August 16, 2017 and December 7, 2017, unauthorized third parties accessed Class' private medical information.

23.     Plaintiff received a letter dated April 7, 2017, alerting Plaintiff that his private health information, along with other Class members, was improperly accessed by at least one unauthorized third party.

24.     On April 7, 2017, the CDPH sent a letter, signed by Karen L. Smith, MD, MPH, Director and State Public Health Officer, to each Class member stating "on or about February 7, 2017, the California Department of Public Health (Department) determined that some personal information, including personal health information, about the Class may have been improperly accessed via an [ADAP] Enrollment website built and maintained by a Department contractor [A.J. Boggs]."

25.     The letter further stated, "[i]n 2016, the Department became aware that the Enrollment website, administered by the Department's contractor, may have lacked adequate controls and safeguards required to protect the privacy and security of personal information of program clients.  Because of the risk to personal information posed by these security vulnerabilities in the Enrollment website, the Department shut down access to the Enrollment website after learning of the vulnerabilities and began an investigation of security issues in connection with the Enrollment website. The Department has determined that its contractor did not have in place adequate personal information security controls and failed to take other measures to protect the personal information of Department program clients, as required by its contract with the Department."

26.     The letter went on to state that the Department's ongoing investigation indicated that personal information, including personal health information, about Plaintiff and the Class members may have been accessed by an unauthorized individual(s) between August 16, 2016 and December

7, 2016. The Department's investigation has been unable to determine whether Plaintiff's and the Class members' personal information may have been accessed by one or more than one individual the Department was unable to identify the identity of the individual(s) who may have improperly Plaintiff's and the Class members' information.  The information about Plaintiff and the Class that may have been inappropriately accessed may include Plaintiff and the Class members' health status, name, Social Security number, date of birth, and enrollment site number.

## CLASS ACTION ALLEGATIONS

27.    Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class ("the Class") that Plaintiff seeks to represent is composed of:

> All citizens of the state of California who were participants in California's AIDS Drug Assistance Program ("ADAP") whose identities, personal data, and medical information were stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016.

28.    Excluded from the Class are the natural persons who are directors, officers, and employees of the Defendant.

29.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of the Class members is unknown to Plaintiff at this time, such information can be ascertained through appropriate discovery, from records maintained by Defendant and the CDPH.

30.    There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the class, and Plaintiff can fairly and adequately represent the interests of the Class.

31.    Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

> a)  Whether Plaintiff and the Class had their medical information recorded onto Defendant's ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016;

CLASS ACTION COMPLAINT

b)  Whether Defendant's publishing Plaintiff's and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was without the prior written authorization of Plaintiff and the Class, as required by Civil Code § 56.10 of the CMIA;

c)  Whether Defendant's publishing Plaintiff's and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was permissible without written authorization from the Plaintiff and the Class under any exemption under Civil Code § 56.10(c);

d)  Whether Defendant's publishing Plaintiff's and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, constitutes a release of Plaintiff's and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA; and

e)  Whether Plaintiff and the Class are entitled to nominal damages.

32.  Plaintiff's claims are typical of those of the other Class members because Plaintiff, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollar ($1,000) per violation pursuant to Civil Code §§ 56.101 56.36(b)(1), and actual damages, if any, per violation pursuant to Civil Code §§ 56.101, 56.36(b)(2).

33.  Plaintiff will fairly and adequately protect the interests of the Class.  Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class they seek to represent during the Class Period.  In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

34.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class,

which would establish incompatible standards of conduct for the Defendant in the state of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

35.     Proper and sufficient notice of this action may be provided to the Class members through direct mail.

36.     Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.  Absent certification of this action as a class action, Plaintiff and the members of the Class will continue to be damaged by the unauthorized release of their individual identifiable medical information.

**FIRST CAUSE OF ACTION**
**Violations of the Confidentiality of Medical Information Act ("CMIA")**
**Civil Code §§ 56, et seq.**
**(Against All Defendants)**

37.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

38.     Defendant is a "Contractor," within the meaning of Civil Code § 56.05(d), and maintained and continues to maintain "medical information," within the meaning of Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning of Civil Code § 56.05(k).

39.     Plaintiff and the Class are "patients" of Defendant within the meaning of Civil Code § 56.05(k) and are "Endanger" within the meaning of Civil Code § 56.05(e) because they fear that disclosure of their medical information could subject them to harassment or abuse.  Furthermore, Plaintiff and the Class, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Civil Code § 56.05(j), created, maintained, preserved, and stored onto Defendant's computer network, and were ADAP clients between August 16, 2016 and December 7, 2016.

40.     By making Defendant's ADAP enrollment Internet portal fully functional on July 1, 2016, Defendant negligently created, maintained, preserved, and stored Plaintiff's and Class members' individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including Plaintiff's and Class members' health status, name, Social Security number, date of birth, and enrollment site number, on the ADAP enrollment Internet portal built and maintained by Defendant. Specifically, Defendant allowed Plaintiff's and the Class' medical information to become publicly available on the Internet by publishing it on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password.  Further, on or about February 7, 2017, the California Department of Public Health determined that some personal information, including personal health information, about the Class may have been improperly accessed via the ADAP enrollment Internet portal built and maintained by Defendant.   On information and belief, Plaintiff alleges that his and other Class member's medical information was accessed by an unauthorized person or persons.

41.     Defendant published Plaintiff's and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiff and the Class, as required by Civil Code § 56.10 of the Act.

42.     Defendant's failure to obtain the written consent of Plaintiff and the Class before publishing Plaintiff's and the Class' medical information on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiff and the Class, constitutes a negligent release of Plaintiff's and the Class' confidential, individual identifiable "medical information" to an unauthorized person or persons in violation of Civil Code § 56.101  of the Act.

43.     Furthermore, Defendant's publishing Plaintiff's and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was not permissible without written authorization from the Plaintiff and the Class under any exemption under Civil Code § 56.10(c).

44.     As a result of Defendant's above-described conduct, Plaintiff and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

45.     Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiff and the Class seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

**As for the First Cause of Action**

- For nominal damages in the amount of one thousand dollar ($1,000) per violation to Plaintiff individually and to each member of the Class pursuant to Civil Code § 56.36(b)(1);

- For actual damages according to proof per violation pursuant to Civil Code § 56.36(b)(2);

**As to All Causes of Action**

- That the Court certifies this action as a class action;

- For an award of attorneys' fees as authorized by statute including, but not limited to, the provisions of California Code of Civil Procedure § 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

- For costs of the suit;

- For prejudgment interest at the legal rate; and

- Any such further relief as this Court deems necessary, just, and proper.

Dated: September 11, 2018

**KEEGAN & BAKER LLP**

By: _____
Patrick N. Keegan, Esq.

- 12 -

CLASS ACTION COMPLAINT

1

## DEMAND FOR JURY TRIAL

2       Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with

3  respect to which they have a right to jury trial.

4

5  Dated: September 11, 2018              **KEEGAN & BAKER LLP**

6

7                            By:                                  
                                          Patrick N. Keegan, Esq.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>A.J. BOGGS & COMPANY; and DOES 1-100;<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JOHN DOE, individually and on behalf of all others similarly situated, | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>09/11/2018<br>FRESNO COUNTY SUPERIOR COURT<br>By: J. Nelson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Fresno County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):* 18CECG03378 |

B.F. Sisk Curthouse
1130 O Street, Fresno, CA 93721-2220

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick N. Keegan, Esq., Keegan & Baker, LLP, 6156 Innovation Way, Carlsbad, CA 92009; (760) 929-9303

| | | | |
|---|---|---|---|
| **DATE:** 9/11/2018<br>*(Fecha)* | Clerk, by J. Nelson<br>*(Secretario)* | , Deputy<br>*(Adjunto)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>A.J. BOGGS & COMPANY; and DOES 1-100;<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>JOHN DOE, individually and on behalf of all others similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>E-FILED<br>09/11/2018<br>FRESNO COUNTY SUPERIOR COURT<br>By: J. Nelson, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Fresno County Superior Court<br><br>B.F. Sisk Curthouse<br>1130 O Street, Fresno, CA 93721-2220 | **CASE NUMBER:**<br>*(Número del Caso):*  18CECG03378 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Patrick N. Keegan, Esq., Keegan & Baker, LLP, 6156 Innovation Way, Carlsbad, CA 92009; (760) 929-9303

| DATE:<br>*(Fecha)* 9/11/2018 | Clerk, by   J. Nelson | , Deputy<br>*(Adjunto)* |
|---|---|---|
| | Clerk, by<br>*(Secretario)* | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Patrick N. Keegan, Esq. (SBN 167698)<br>KEEGAN & BAKER, LLP<br>6156 Innovation Way<br>Carlsbad, CA 92009<br>TELEPHONE NO.: (760) 929-9303   FAX NO.: (760) 929-9260<br>ATTORNEY FOR *(Name):* Plaintiff | **E-FILED**<br>9/11/2018 12:43 PM<br>FRESNO COUNTY SUPERIOR COURT<br>By: J. Nelson, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  FRESNO
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, CA 93721-2220
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
JOHN DOE v. A.J. BOGGS & COMPANY

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| ✓ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 18CECG03378<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ✓ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ✓ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ✓ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* One
5. This case ✓ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 11, 2018

Patrick N. Keegan, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
         *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
      *domain, landlord/tenant, or*
      *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-*
      *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

**CIVIL CASE COVER SHEET**

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-1900 | FOR COURT USE ONLY<br><br>9/11/2018<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**John Doe vs. A.J. Boggs & Company/COMPLEX** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**18CECG03378** |

**To All Parties and their Attorneys of Record: Patrick N Keegan**

> This case has been assigned to **Donald Black**, Judge  for **all purposes**.
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **01/08/2019**  at **3:28 PM** in **Department 502** of the court located at **1130 "O" Street, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:**  Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time.  If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aid office (*listed in the phone book*).

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:  **9/11/2018**                    Clerk, by   **Jamie Nelson**                                                , Deputy

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT
OF JUDGE FOR ALL PURPOSES**

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Patrick N. Keegan, 167698<br>Keegan & Baker, LLP<br>6156 Innovation Way<br>Carlsbad, CA 92009<br>TELEPHONE NO.: (760)929-9303 Ext 100<br>ATTORNEY FOR (Name): Plaintiff | E-FILED<br><br>9/27/2018 11:37 AM<br><br>FRESNO COUNTY SUPERIOR COURT<br><br>By: M. Aguilar, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
Superior Court of California, Fresno County
1130 O Street
Fresno, CA 93721-2220

| PLAINTIFF/PETITIONER: John Doe | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: A.J. Boggs & Company; et al. | 18CECG03378 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>5159-AJ Boggs |
|---|---|

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.  **BY FAX**

2. I served copies of:    Civil Case Cover Sheet, Summons, Class Action Complaint, Notice of Case Management
   Conference and Assignment of Judge For All Purposes

3. a. Party served:  A.J. Boggs & Company

   b. Person Served: Kate Dobbs - Person Authorized to Accept Service of Process

4. Address where the party was served:    1780 Creekside Drive, 1621
   Folsom, CA 95630

5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 09/23/2018        (2) at  (time): 2:27PM

6. The "Notice to the Person Served" (on the summons) was completed as follows:

   d. on behalf of:

   A.J. Boggs & Company
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:        Brandon Lee Ortiz
   b. Address:     One Legal - 194-Marin
                   504 Redwood Blvd #223
                   Novato, CA 94947

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 75.00
   e I am:
      (3) registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 2012-37
         (iii) County:  Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  09/24/2018

Brandon Lee Ortiz
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 12322227

E-FILED
9/25/2018 3:38 PM
FRESNO COUNTY SUPERIOR COURT
By: M. Douangkham, Deputy

Patrick N. Keegan, Esq. (SBN 167698)
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue, Suite 100
Carlsbad, California 92008
Telephone: (760) 929-9303
Facsimile:  (760) 929-9260

Attorney for Plaintiff

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF FRESNO

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, | Case No.: 18CECG03378 |
| Plaintiff, | Assigned to Hon. Donald Black, Dept. 502 |
| vs. | **NOTICE OF CHANGE OF ADDRESS** |
| A.J. BOGGS & COMPANY; and DOES 1-100; | |
| Defendants. | |

PLEASE TAKE NOTICE, that effective September 26, 2018, the new address for the Carlsbad office of Keegan & Baker, LLP will be 2292 Faraday Avenue, Suite 100, Carlsbad, California 92008.  The telephone numbers for the Carlsbad office will remain the same: Telephone (760) 929-9303 and Facsimile (760) 929-9260.  Please update your service list accordingly.

Dated: September 25, 2018                         KEEGAN & BAKER, LLP


                                                           s/ *Patrick N. Keegan*
                                                           Patrick N. Keegan, Esq.
                                                           Attorney for Plaintiff

---

## PROOF OF SERVICE

I, **Stacy Johnson**, declare that I am over the age of 18 years and am not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 6156 Innovation Way, Carlsbad, California 92009.

I caused to be served the following document: **NOTICE OF CHANGE OF ADDRESS** on the interested parties listed below:

A.J. BOGGS & COMPANY
c/o Agent of Service of Process Kate Dodds
1780 Creekside Drive #1621
Folsom, CA 95630

■   **BY MAIL**: I enclosed the documents in a sealed envelope or package addressed to the person(s) at the address(es) listed above. I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

■   (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: September 25, 2018                    s/ *Stacy Johnson*
                                             Stacy Johnson

1  ROBERT H. BUNZEL (SBN 99395)
     rbunzel@bzbm.com
2  MICHAEL D. ABRAHAM (SBN 125633)
     mabraham@bzbm.com
3  JAYNE LAIPRASERT (SBN 256930)
     jlaiprasert@bzbm.com
4  TIFFANY S. HANSEN (SBN 292850)
     thansen@bzbm.com
5  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
6  One Embarcadero Center, Suite 800
   San Francisco, California 94111
7  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
8
   Attorneys for A.J. BOGGS & COMPANY; and
9  DOES 1-100

RECEIVED

10/9/2018 8:00 AM
FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

10

11                SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                  COUNTY OF FRESNO, CENTRAL DIVISION

13

| | |
|---|---|
| 14  JOHN DOE, individually and on behalf of all others similarly situated,<br><br>15                    Plaintiffs,<br><br>16             v.<br><br>17  A.J. BOGGS & COMPANY; and DOES 1-100,<br>18<br>19                    Defendants.<br>20 | Case No. 18CECG03378<br><br>**STIPULATION AND [PROPOSED] ORDER EXTENDING TIME FOR DEFENDANT A.J. BOGGS & COMPANY TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. Donald Black<br><br>Action Filed:          September 11, 2018 |

21

22        WHEREAS, Plaintiff John Doe (hereinafter "Plaintiff") filed his Complaint in the

23  above-captioned action;

24        WHEREAS, Defendant A.J. Boggs & Company's (hereinafter "Defendant") response to

25  the Complaint is presently due on October 23, 2018;

26        WHEREAS, on October 2, 2018, Defendant's counsel requested additional time to assess

27  any potential pleading challenges to Plaintiff's Complaint and determine whether a further meet

28  and confer by telephone pursuant to C.C.P. section 430.4 is necessary; and

2655.000/1337422.1

STIPULATION AND PROPOSED ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

WHEREAS, Defendant's counsel requested additional time to further meet and confer, if appropriate, with Plaintiff's counsel to identify all of the specific causes of action in Plaintiff's Complaint that Defendant's counsel believes are subject to demurrer and to identify with legal support the basis of any such believed deficiencies with Plaintiff's Complaint in compliance with C.C.P. section 430.41(a)(1), and Plaintiff's counsel has agreed to such an extension;

NOW, THEREFORE, subject to the condition of the Court's approval, IT IS HEREBY STIPULATED that Defendant's time to respond to the Complaint is extended to and including November 7, 2018.

DATED:  October 8, 2018               BARTKO ZANKEL BUNZEL & MILLER
                                      A Professional Law Corporation


                                      By:        /s/ Jayne Laiprasert
                                                 _____
                                                 Jayne Laiprasert
                                                 Attorneys for Defendant A.J. Boggs & Company


DATED:  October 8, 2018               KEEGAN & BAKER, LLP


                                      By:        /s/ Patrick N. Keegan
                                                 _____
                                                 Patrick N. Keegan
                                                 Attorneys for Plaintiff John Doe

**[PROPOSED] ORDER**

Pursuant to the parties' stipulation and GOOD CAUSE appearing therefor, Defendant A.J. Boggs & Company's time to respond to Plaintiff John Doe's Complaint is extended to and including November 7, 2018.

DATED:  October ___, 2018

_____
The Honorable Donald Black
Judge of the Superior Court

3

STIPULATION AND [PROPOSED] ORDER EXTENDING TIME TO RESPOND TO COMPLAINT

ROBERT H. BUNZEL (SBN 99395)
  *rbunzel@bzbm.com*
MICHAEL D. ABRAHAM (SBN 125633)
  *mabraham@bzbm.com*
JAYNE LAIPRASERT (SBN 256930)
  *jlaiprasert@bzbm.com*
TIFFANY S. HANSEN (SBN 292850)
  *thansen@bzbm.com*
BARTKO ZANKEL BUNZEL & MILLER
A Professional Law Corporation
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone: (415) 956-1900
Facsimile:  (415) 956-1152

Attorneys for A.J. BOGGS & COMPANY; and
DOES 1-100

FILED

OCT 1 6 2018

FRESNO COUNTY SUPERIOR COURT
By_____
                                    DEPT. 502

18CECG03378
SAOF
Stipulation and Order filed
593374

RECEIVED

10/9/2018 8:00 AM
FRESNO COUNTY SUPERIOR COURT
By: A. Ramos, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO, CENTRAL DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A.J. BOGGS & COMPANY; and DOES 1-100,<br><br>Defendants. | Case No. 18CECG03378<br><br>**STIPULATION AND [~~PROPOSED~~] ORDER EXTENDING TIME FOR DEFENDANT A.J. BOGGS & COMPANY TO RESPOND TO PLAINTIFF'S COMPLAINT**<br><br>Assigned for All Purposes to:<br>Hon. Donald Black<br><br>Action Filed:          September 11, 2018 |

WHEREAS, Plaintiff John Doe (hereinafter "Plaintiff") filed his Complaint in the above-captioned action;

WHEREAS, Defendant A.J. Boggs & Company's (hereinafter "Defendant") response to the Complaint is presently due on October 23, 2018;

WHEREAS, on October 2, 2018, Defendant's counsel requested additional time to assess any potential pleading challenges to Plaintiff's Complaint and determine whether a further meet and confer by telephone pursuant to C.C.P. section 430.4 is necessary; and

1    WHEREAS, Defendant's counsel requested additional time to further meet and confer, if

2  appropriate, with Plaintiff's counsel to identify all of the specific causes of action in Plaintiff's

3  Complaint that Defendant's counsel believes are subject to demurrer and to identify with legal

4  support the basis of any such believed deficiencies with Plaintiff's Complaint in compliance with

5  C.C.P. section 430.41(a)(1), and Plaintiff's counsel has agreed to such an extension;

6    NOW, THEREFORE, subject to the condition of the Court's approval, IT IS HEREBY

7  STIPULATED that Defendant's time to respond to the Complaint is extended to and including

8  November 7, 2018.

9

10  DATED:  October 8, 2018            BARTKO ZANKEL BUNZEL & MILLER
                                       A Professional Law Corporation
11

12

13                                     By:        /s/ Jayne Laiprasert
                                            Jayne Laiprasert
14                                          Attorneys for Defendant A.J. Boggs & Company

15

16  DATED:  October 8, 2018            KEEGAN & BAKER, LLP

17

18

19                                     By:        /s/ Patrick N. Keegan
                                            Patrick N. Keegan
                                            Attorneys for Plaintiff John Doe
20

21

22

23

24

25

26

27

28

1

**[PROPOSED] ORDER**

2          Pursuant to the parties' stipulation and GOOD CAUSE appearing therefor, Defendant A.J.

3   Boggs & Company's time to respond to Plaintiff John Doe's Complaint is extended to and

4   including November 7, 2018.

5

6   DATED:  October *16* 2018

7                                                                    _____

8                                                                    The Honorable Donald Black
                                                                     Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1    **KAZEROUNI LAW GROUP, APC**
     Abbas Kazerounian, Esq. (SBN: 249203)
2    ak@kazlg.com
     Mona Amini, Esq. (SBN: 296829)
3    mona@kazlg.com
     245 Fischer Avenue, Unit D1
4    Costa Mesa, California 92626
     Telephone: (800) 400-6808
5    Facsimile:  (800) 520-5523

6    **HYDE & SWIGART**
     Joshua B. Swigart, Esq. (SBN 225557)
7    josh@westcoastlitigation.com
     2221 Camino Del Rio South, Suite 101
8    San Diego, California 92101
     Telephone: (619) 233-7770
9    Facsimile:  (619) 297-1022

10   *Attorneys for Plaintiffs,*
     John Doe1, John Doe2, and John Doe3
11

12                  **UNITED STATES DISTRICT COURT**
          **CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**
13

14   JOHN DOE1, JOHN DOE2 and JOHN   )   Case No.:
     DOE 3, individually and on behalf of all )
15   others similarly situated,         )
                                        )   **CLASS ACTION**
16                                      )
                         Plaintiffs,    )   **COMPLAINT FOR DAMAGES AND**
17                                      )   **INJUNCTIVE RELIEF FOR**
                                        )   **VIOLATIONS OF**
18          vs.                         )
                                        )   **(1) THE CONFIDENTIALITY OF**
19                                      )       **MEDICAL INFORMATION**
     A.J. BOGGS & COMPANY,              )       **ACT, CIVIL CODE §§ 56, *ET***
20                                      )       ***SEQ.* ("CMIA")**
                                        )
21                       Defendant.     )   **JURY TRIAL DEMANDED**
                                        )
22                                      )
                                        )
23   _____ )

24   ///

25   ///

26   ///

27   ///

28   ///

Plaintiffs JOHN DOE1, JOHN DOE2, and JOHN DOE 3 (collectively as "Plaintiffs")[1], using pseudonyms used to protect the privacy of the named Plaintiffs, bring this class action on behalf of themselves individually and all others similarly situated, by and through their attorneys, against Defendant A.J. BOGGS & COMPANY ("A.J. Boggs" or "Defendant") and allege upon information and belief as follows:

## INTRODUCTION

1.      Under the Confidentiality of Medical Information Act, Civil Code §§ 56, *et seq.* (hereinafter referred to as the "CMIA"), Plaintiffs JOHN DOE1, JOHN DOE2, and JOHN DOE 3 ("Plaintiffs"), and all other persons similarly situated, had a right to keep their personal medical information provided to Defendant A.J. BOGGS & COMPANY ("A.J. Boggs" or "Defendant") confidential.  The short title of the CMIA states, "The Legislature hereby finds and declares that persons receiving health care services have a right to expect that the confidentiality of individual identifiable medical information derived by health service providers be reasonably preserved.  It is the intention of the Legislature in enacting this act, to provide for the confidentiality of individually identifiable medical information, while permitting certain reasonable and limited uses of that information." The CMIA specifically provides that "a provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization...." Civil Code. § 56.10(a).  The CMIA further provides that "Every

---

[1] A court may permit a plaintiff to proceed under a fictitious name when exceptional circumstances justify protecting his or her true identity, including matters of a highly sensitive and personal nature (e.g., HIV-positive status). *Doe v. Sup.Ct. (Luster)* (2011) 194 Cal.App.4th 750, 754. The Ninth Circuit permits the use of pseudonyms in unusual cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII v. Advanced Textile*, 214 F.3d 1058, 1086 (9th Cir. 2000). A pseudonym has been used in this Complaint place of Plaintiffs' real names due to privacy concerns as Plaintiffs have a reasonable fear of severe stigma, harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case.

1   provider of health care, health care service plan, pharmaceutical company, or
2   contractor who creates, maintains, preserves, stores, abandons, destroys, or disposes
3   of medical records shall do so in a manner that preserves the confidentiality of the
4   information contained therein. Any provider of health care, health care service plan,
5   pharmaceutical company, or contractor who negligently creates, maintains, preserves,
6   stores, abandons, destroys, or disposes of medical records shall be subject to the
7   remedies ... provided under subdivisions (b) ... of Section 56.36."   Civil Code §
8   56.101(a).

9       2.      Civil Code § 56.36(b) provides Plaintiffs, and all other persons similarly
10  situated, with a private right to bring an action against Defendant for violation of
11  Civil Code § 56.101 by specifically providing that "[i]n addition to any other
12  remedies available at law, any individual may bring an action against any person or
13  entity who has negligently released confidential information or records concerning
14  him or her in violation of this part, for either or both of the following: (1) ... nominal
15  damages of one thousand dollars ($1,000).  In order to recover under this paragraph,
16  *it shall not be necessary that the plaintiff suffered or was threatened with actual*
17  *damages*. (2) The amount of actual damages, if any, sustained by the patient."
18  (Emphasis added.)

19      3.      This class action is brought on behalf of Plaintiffs and a putative class
20  ("the Class") defined as:

> All citizens of the State of California who were enrolled in
> California's AIDS Drug Assistance Program ("ADAP") whose
> identities, personal data, and medical information were stored
> on the ADAP enrollment Internet portal between August 16,
> 2016 and December 7, 2016.

25      4.      As alleged in greater detail below, between August 2016 and December
26  2016, Plaintiffs and other similarly situated members of the putative class were
27  participants in California's AIDS Drug Assistance Program ("ADAP").  Plaintiffs
28  and other program participants relied on Defendant A.J. Boggs, the company

CLASS ACTION COMPLAINT

1  contracted to administer program enrollment, to not only aid them in procuring life-

2  saving medications to keep HIV under control, but to keep their personal medical

3  information, including their identities as HIV-positive individuals, strictly

4  confidential as required by the CMIA and other applicable laws. As alleged more

5  fully below, Defendant negligently created, maintained, preserved, and stored

6  Plaintiffs' and the Class members' confidential medical information without

7  Plaintiffs' and the Class members' prior written authorization, which constitutes an

8  unauthorized release of their confidential medical information in violation of Civil

9  Code § 56.101 of the CMIA.  Because Civil Code § 56.101 allows for the remedies

10 and penalties provided under Civil Code § 56.36(b), Plaintiffs seek for themselves

11 individually and on behalf of all others similarly situated, nominal damages from

12 Defendant in the amount of one thousand dollars ($1,000) for each violation under

13 Civil Code §56.36(b)(1).  Additionally, Plaintiffs, individually an on behalf of all

14 others similarly situated, seek injunctive relief.

15       5.    Plaintiffs make these allegations on information and belief, with the

16 exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel,

17 which Plaintiffs allege on personal knowledge.

18       6.    While many violations are described below with specificity, this

19 Complaint alleges violations of the statute cited in its entirety.

20       7.    Unless otherwise indicated, the use of any Defendant's name in this

21 Complaint includes all agents, employees, officers, members, directors, heirs,

22 successors, assigns, principals, trustees, sureties, subrogees, representatives, and

23 insurers of that defendant named.

24                           **JURISDICTION AND VENUE**

25       8.    This Court has jurisdiction over thus action under 28 U.S.C. § 1332(d) of

26 the Class Action Fairness Act ("CAFA") because the amount in controversy exceeds

27 the sum or value of $5,000,000, exclusive of interest and costs, with at least one

28 member of the proposed Class being a citizen of a different state than Defendant.

9.     Venue is appropriate in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff JOHN DOE1 resides in the County of Orange, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

    a) is authorized to conduct business in this district and has intentionally availed itself to the laws and markets within this district;

    b) does substantial business within this district;

    c) is subject to personal jurisdiction with this district because it has availed itself o the laws and markets within this district; and

    d) the harm to Plaintiff JOHN DOE1 occurred within this district.

## PARTIES

10.     Plaintiff JOHN DOE1 is a resident and citizen and resident of Orange County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE1 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

11.     Plaintiff JOHN DOE2 is a resident and citizen and resident of Kern County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE2 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

12.     Plaintiff JOHN DOE3 is a resident and citizen and resident of Los Angeles County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE23was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

13.     Defendant A.J. BOGGS & COMPANY is a corporation incorporated under the laws of the State of Michigan with a principal place of business and/or headquarters located at 4600 Hagadorn Road, East Lansing, Michigan 48823.

## FACTUAL ALLEGATIONS

14.     Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

15.     Plaintiff JOHN DOE1 is a resident and citizen and resident of Orange County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE1 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.[2]

16.     Plaintiff JOHN DOE2 is a resident and citizen and resident of the Kern County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE2 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

17.     Plaintiff JOHN DOE3 is a resident and citizen and resident of Los Angeles County in the State of California, and is a person living with HIV. At all times relevant to this action, Plaintiff JOHN DOE3 was enrolled in California's AIDS Drug Assistance Program, a federally funded program to help manage the cost of his HIV treatment.

18.     During April 2016 through March 2017, Defendant A.J. Boggs & Company was the private contractor responsible for administering California's ADAP enrollment services. A.J. Boggs is a corporation incorporated under the laws

---

[2] Under the Ryan White CARE Act, 42 U.S.C. §§ 300ff, *et seq*., each state is eligible to receive federal funding to conduct a program that helps ensure access to HIV medications for lower income people living with HIV who are not eligible for Medicaid and do not have an alternative source to obtain HIV medications at a reasonable cost. A program authorized under this section of the Ryan White CARE Act is called an AIDS Drug Assistance Program. 42 U.S.C. §§ 300ff-21, *et seq*.

of the State of Michigan with a principal place of business and/or headquarters located at 4600 Hagadorn Road, East Lansing, Michigan 48823.

19.     California has approximately 30,000 people, including Plaintiffs, enrolled in ADAP. Enrollment in ADAP requires applicants to provide detailed information about their HIV-related health care, as well as access to their medical records. At all relevant times, all people enrolled in California's ADAP were people diagnosed and living with HIV.

20.     As the ADAP enrollment contractor, A.J. Boggs was privy to Plaintiffs' confidential medical information. As a custodian of the private health information of its clients, the ADAP administrator is required by state law to ensure that such information is not disclosed or disseminated without the clients' consent.

21.     Among the services that A.J. Boggs was contracted by the California Department of Public Health (CDPH) to provide was an "ADAP enrollment portal." The ADAP enrollment portal allows authorized case managers to enroll clients in ADAP, to enter aspects of their clients' confidential medical information into the system, and to subsequently access the private health information of individuals enrolled through the organization for which the authorized case manager works. A.J. Boggs built its online ADAP enrollment and management system itself from scratch and made its ADAP enrollment portal fully functional on July 1, 2016.

22.     On or about on August 16, 2016, a security vulnerability in the enrollment portal was exploited, and the private health information of ADAP clients, including Plaintiffs, was left vulnerable to unauthorized third-party access.   On information and belief, this security vulnerability went unnoticed by A.J. Boggs through the end of November 2016.

23.     On or about February 7, 2017, CDPH discovered that between August 16, 2017 and December 7, 2017, unauthorized third parties accessed Plaintiffs' and the Class' private medical information.

CLASS ACTION COMPLAINT

24.     Plaintiffs received a letter dated April 7, 2017, alerting Plaintiffs that Plaintiffs' and other Class members' private health information was improperly accessed by at least one unauthorized third party.

25.     On April 7, 2017, the CDPH sent a letter, signed by Karen L. Smith, MD, MPH, Director and State Public Health Officer, to each Class member stating "on or about February 7, 2017, the California Department of Public Health (Department) determined that some personal information, including personal health information, about the Class may have been improperly accessed via an [ADAP] Enrollment website built and maintained by a Department contractor [A.J. Boggs]."

26.     The letter further stated, "[i]n 2016, the Department became aware that the Enrollment website, administered by the Department's contractor, may have lacked adequate controls and safeguards required to protect the privacy and security of personal information of program clients.   Because of the risk to personal information posed by these security vulnerabilities in the Enrollment website, the Department shut down access to the Enrollment website after learning of the vulnerabilities and began an investigation of security issues in connection with the Enrollment website. The Department has determined that its contractor did not have in place adequate personal information security controls and failed to take other measures to protect the personal information of Department program clients, as required by its contract with the Department."

27.     The letter went on to state that the Department's ongoing investigation indicated that personal information, including personal health information, about Plaintiffs and the Class members may have been accessed by an unauthorized individual(s) between August 16, 2016 and December 7, 2016. The Department's investigation has been unable to determine whether Plaintiffs' and the Class members' personal information may have been accessed by one or more than one individual the Department was unable to identify the identity of the individual(s) who may have improperly Plaintiffs' and the Class members' information. Further, the

CLASS ACTION COMPLAINT

1   information about Plaintiffs and the Class that may have been inappropriately

2   accessed have included Plaintiffs' and the Class members' health status, name, Social

3   Security number, date of birth, and enrollment site number.

4                         **CLASS ACTION ALLEGATIONS**

5        28.    Plaintiffs bring this action on behalf of themselves individually and on

6   behalf of all others similarly situated. The putative class ("the Class") that Plaintiffs

7   seeks to represent is composed of:

8              All citizens of the State of California who were enrolled in
9              California's AIDS Drug Assistance Program ("ADAP") whose
               identities, personal data, and medical information were stored
10             on the ADAP enrollment Internet portal between August 16,
11             2016 and December 7, 2016.

12       29.    Excluded from the Class are any of Defendant's officers, directors,

13  employees, affiliates, legal representatives, attorneys, heirs, and assigns, and any

14  entity in which Defendant has a controlling interest.  Judicial officers presiding over

15  this case, its staff, and immediate family members, are also excluded from the Class.

16       30.    The members of the Class are so numerous that joinder of all members is

17  impracticable. While the exact number of the Class members is unknown to Plaintiffs

18  at this time, such information can be ascertained through appropriate discovery, from

19  records maintained by Defendant and the CDPH.

20       31.    There is a well-defined community of interest among the members of the

21  Class because common questions of law and fact predominate, Plaintiffs' claims are

22  typical of the members of the class, and Plaintiffs can fairly and adequately represent

23  the interests of the Class.

24       32.    Common questions of law and fact exist as to all members of the Class

25  and predominate over any questions affecting solely individual members of the Class.

26  Among the questions of law and fact common to the Class are:

27

28

a)  Whether Plaintiffs and the Class had their medical information recorded onto Defendant's ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016;

b)  Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA;

c)  Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c);

d)  Whether Defendant's publishing Plaintiffs' and the Class' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, constitutes a release of Plaintiffs' and the Class' confidential, individual identifiable medical information in violation of Civil Code §56.101 of the CMIA; and

e)  Whether Plaintiffs and the Class are entitled to nominal damages.

33.   Plaintiffs' claims are typical of those of the other Class members because Plaintiffs, like every other Class member, were exposed to virtually identical conduct and are entitled to nominal damages of one thousand dollar ($1,000) per violation pursuant to Civil Code §§ 56.101 56.36(b)(1), and actual damages, if any, per violation pursuant to Civil Code §§ 56.101, 56.36(b)(2).

34.   Plaintiffs will fairly and adequately protect the interests of the Class. Moreover, Plaintiffs have no interest that is contrary to or in conflict with those of the

Class they seek to represent during the Class Period.  In addition, Plaintiffs have retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

35.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California.  Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.  As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

36.    Proper and sufficient notice of this action may be provided to the Class members through direct mail.

37.    Moreover, the Class members' individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied without certification of the Class.  Absent certification of this action as a class action, Plaintiffs and the members of the Class will continue to be damaged by the unauthorized release of their individual identifiable medical information.

## CAUSES OF ACTION

### Count I

### Violations of the Confidentiality of Medical Information Act ("CMIA")

### California Civil Code §§ 56, et seq.

38.    Plaintiffs incorporate by reference all of the above paragraphs of this complaint as if fully stated herein.

39.    Defendant is a "contractor," within the meaning of Civil Code § 56.05(d), and maintained and continues to maintain "medical information," within the

meaning of Civil Code § 56.05(j), of "patients" of the Defendant, within the meaning of Civil Code § 56.05(k).

40.     Plaintiffs and the Class are "patients" of Defendant within the meaning of Civil Code § 56.05(k) and are "endanger[ed]" within the meaning of Civil Code § 56.05(e) because Plaintiffs and the Class fear that disclosure of their medical information could subject them to harassment or abuse.  Furthermore, Plaintiffs and the Class, as patients of Defendant, had their individually identifiable "medical information," within the meaning of Civil Code § 56.05(j), created, maintained, preserved, and stored on Defendant's computer network, and were ADAP participants or enrollees between August 16, 2016 and December 7, 2016.

41.     By making Defendant's ADAP enrollment Internet portal fully functional on July 1, 2016, Defendant negligently created, maintained, preserved, and stored Plaintiffs' and the Class members' individual identifiable "medical information," within the meaning of Civil Code § 56.05(j), including Plaintiffs' and the Class members' health status, name, Social Security number, date of birth, and enrollment site number, on the ADAP enrollment Internet portal built and maintained by Defendant.

42.     Defendant allowed Plaintiffs' and the Class members' medical information to become publicly available on the Internet by publishing it on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password.  Further, on or about February 7, 2017, the California Department of Public Health (CDPH) determined that some personal information, including personal health information, about Plaintiffs and the Class may have been improperly accessed via the ADAP enrollment Internet portal built and maintained by Defendant. Based upon information and belief, Plaintiffs allege that Plaintiffs' and other Class members' medical information was accessed by an unauthorized person or persons.

43.     Defendant published Plaintiffs' and the Class members' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiffs and the Class, as required by Civil Code § 56.10 of the CMIA.

44.     Defendant's failure to obtain the written consent of Plaintiffs and the Class before publishing Plaintiffs' and the Class members' medical information on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, without the prior written authorization of Plaintiffs and the Class, constitutes a negligent release of Plaintiffs' and the Class members' confidential, individual identifiable "medical information" to an unauthorized person or persons in violation of Civil Code § 56.101 of the CMIA.

45.     Furthermore, Defendant's publishing Plaintiffs' and the Class members' medical information on the Internet on its ADAP enrollment Internet portal, accessible to anyone without the need for decryption or entry of a password, was not permissible without written authorization from the Plaintiffs and the Class under any exemption under Civil Code § 56.10(c).

46.     As a result of Defendant's above-described conduct, Plaintiffs and the Class have suffered damages from the unauthorized release of their individual identifiable "medical information" made unlawful by Civil Code §§ 56.10, 56.101.

47.     Because Civil Code § 56.101 allows for the remedies and penalties provided under Civil Code § 56.36(b), Plaintiffs, individually and for each member of the Class, seek nominal damages of one thousand dollars ($1,000) for each violation under Civil Code §56.36(b)(1), and actual damages suffered, if any, pursuant to Civil Code § 56.36(b)(2).

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests the Court grant Plaintiffs and the Class the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action as to the Class;

- That the Court appoint Plaintiffs to serve as the Class Representatives in this matter and appoint Plaintiffs' Counsel as Class Counsel;

- That Plaintiffs and the Class be awarded prejudgment interest, reasonable attorneys' fees, and costs of suit pursuant to Code of Civil Procedure § 1021.5 and California Civil Code § 1780, and/or any other applicable law;

- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the statutes and laws asserted herein;

- That Plaintiffs and the Class be awarded injunctive relief prohibiting such conduct in the future;

### For Count I

### Violations of Cal. Civ. Code §§ 56, et seq. (CMIA)

- An award of nominal damages in the amount of $1,000.00 per violation to each of the named Plaintiffs individually and to each member of the Class pursuant to Cal. Civ. Code § 56.36(b)(1);

- An award of actual damages according to proof per violation pursuant to Cal. Civ. Code § 56.36(b)(2); and

- Any and all further relief that this Court deems just and proper.


Dated: September 12, 2018                  **KAZEROUNI LAW GROUP, APC**


                                    By:   _/s/ Abbas Kazerounian_____
                                          Abbas Kazerounian, Esq.
                                          Mona Amini, Esq.
                                          *Attorneys for Plaintiffs*

**TRIAL BY JURY**

48.     Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and hereby demand, a trial by jury on all causes of action and claims with respect to which they have a right to a jury trial.

                                          Respectfully submitted,

Dated: September 12, 2018                 **KAZEROUNI LAW GROUP, APC**

                              By:   _/s/ Abbas Kazerounian_____
                                    Abbas Kazerounian, Esq.
                                    Mona Amini, Esq.
                                    *Attorneys for Plaintiffs*