UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>A.J. BOGGS & CO.,<br><br>Defendant | CASE NO. 1:19cv0061 AWI BAM<br><br>**ORDER FOR THE PARTIES TO SHOW CAUSE** |

On January 16, 2019, this case was related to *John Doe v. A.J. Boggs & Co.*, 1:18-cv-1464 AWI BAM. See Doc. No. 7. The order was filed in this case and in Case No. 1:18-cv-1464. As part of the order, all parties were ordered to discuss with the Magistrate Judge the desirability of consolidating these two related cases. See id.

On February 22, 2019, the parties filed a stipulation to consolidate. See Doc. No. 12. However, the parties proposed that the cases be "consolidated for *pretrial purposes*, pursuant to [Rule 42(a)(2)]." Doc. No .12 (emphasis added).

Federal Rule of Civil Procedure 42(a) provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad discretion to determine whether and to what extent

consolidation is appropriate. See Garity v. APWU Nat'l Labor Org., 828 F.3d 848, 855-56 (9th Cir. 2016); Investors Research Co. v. U.S. Dist. Ct. for the Cent. Dist. of Cal., 877 F.2d 777, 777 (9th Cir. 1989). In deciding whether to consolidate, a court should balance the interest of judicial convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495 F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470 F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir. 2002).

A review of the complaints in the two related cases show that they are nearly identical. Given the complaints, it is unclear why consolidating and merging these cases into one case for all purposes would be inappropriate. Cf. Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011). Therefore, the parties will be ordered to show cause in writing why these cases should not be consolidated and merged into a single case for all purposes.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. As soon as possible, but no later than ten (10) days from service of this order, all parties shall show cause in writing why Case No. 1:18-cv-1464 AWI BAM and Case No. 1:19-cv-0061 AWI BAM should not be consolidated and merged into a single case for all purposes;[1]

2. The Court will view a failure to file a timely response as agreement to consolidation and merger, and will issue an order consolidating and merging the cases without further notice; and

---

[1] Alternatively, the parties may file a stipulation to consolidate and merge if they are in agreement that consolidation and merger is appropriate.

2

3. The Clerk shall file a copy of this order in Case No. 1:18-cv-1464 AWI BAM.

IT IS SO ORDERED.

Dated:  February 25, 2019

SENIOR DISTRICT JUDGE