UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs**<br><br>v.<br><br>**A.J. BOGGS & CO.,**<br><br>**Defendant** | **CASE NO. 1:19cv0061 AWI BAM**<br><br>**ORDER CONSOLIDATING AND CLOSING CASE** |

On January 16, 2019, this case was related to *John Doe v. A.J. Boggs & Co.*, 1:18-cv-1464 AWI BAM ("1464 Case"). See Doc. No. 7.

After the parties in this case and the 1464 Case filed a stipulation to consolidate the cases for "pre-trial purposes," the Court issued an order to show cause why the two related cases should not be consolidated and merged into a single case.

On March 6 and March 7, 2019, all parties responded to the Court's order and stated that they did not object to consolidation and merger. However, Defendant did explain that it has no objection "provided there is no change as to which particular plaintiff's counsel represents a particular named plaintiff, which distinction is relevant as to who can potentially receive certain confidential discovery under Defendant's pending Protective Order Motion." Doc. No. 36; Doc. No. 18 in Case 1464.

1 | In deciding whether to consolidate, a court should balance the interest of judicial
2 | convenience against "any inconvenience, delay, or expense that it would cause." Huene v. United
3 | States, 743 F.2d 703, 704 (9th Cir. 1984); Single Chip Sys. Corp. v. Intermec IP Corp., 495
4 | F.Supp.2d 1052, 1057 (S.D. Cal. 2007). "[T]he law is clear that an act of consolidation does not
5 | affect any of the substantive rights of the parties." J.G. Link & Co. v. Continental Cas. Co., 470
6 | F.2d 1133, 1138 (9th Cir. 1972); see also Schnabel v. Lui, 302 F.3d 1023, 1034-35 (9th Cir.
7 | 2002).

As discussed in the order to show cause, a review of the complaints in the two related cases show that they are nearly identical. Consolidating and merging these related cases would conserve judicial resources and there is no apparent inconvenience, delay, or expense that would result from consolidation. Thus, consolidating and merging these cases for all purposes into one case would be efficient. Cf. Davis v. Roane Cnty., 2014 U.S. Dist. LEXIS 164309 *6-*7 (E.D. Tenn. Nov. 21, 2014); Intertex, Inc. v. Dri-Eaz Prods., 2013 U.S. Dist. LEXIS 82917, *9-*11 (W.D. Wash. June 11, 2013); Bejarano v. Allison, 2011 U.S. Dist.LEXIS 96459, *2-*3 (E.D. Cal. Apr. 29, 2011). Defendant has raised a concern regarding the representation of particular plaintiffs in light of a pending protective order. The Court will assuage Defendant's concerns − the consolidation does not change the representation of any particular plaintiff. Cf. J.G. Link, 470 F.2d at 1138. Therefore, the Court will consolidate and merge the two related cases into a single case for all purposes.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk shall consolidate *John Doe v. A.J. Boggs & Co.*, 1:18-cv-1464 AWI BAM with *John Doe 1, et al., v. A.J. Boggs & Co.*, 1:19-CV-0061 AWI BAM for all purposes;
2. All future filings and correspondences shall use case number 1:18-CV-1464 AWI BAM;
3. The Clerk shall move Doc. Nos. 1, 3, 4, 5, 7, 9, 14, 16, and 17 from the docket of 1:19-CV-0061 AWI BAM over to the docket of 1:18-CV-1464 AWI BAM;

4. The Clerk shall administratively close *John Doe 1, et al., v. A.J. Boggs & Co.*, 1:19-CV-0061 AWI BAM;[1] and

5. The Clerk shall file a copy of this order in Case No. 1:18-cv-1464 AWI BAM.

IT IS SO ORDERED.

Dated: __March 11, 2019__    _____
                                SENIOR DISTRICT JUDGE

---

[1] The Court notes that administratively closing this case has no impact whatsoever on the merits.