UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, et al., | Case No. 1:18-cv-01464-AWI-BAM |
| Plaintiffs, | **ORDER PARTIALLY GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| v. | |
| A. J. BOGGS & COMPANY, | (Doc. 16) |
| Defendant. | |

Currently before the Court is a motion for protective order filed by Defendant A. J. Boggs & Company to preclude the production of the name and contact information, *inter alia*, for every individual who allegedly is a potential class member in this consolidated action. Defendant also seeks to require Plaintiffs John Doe, John Doe1, John Doe 2, and John Doe 3 to provide written authorization for Defendant to propound, receive and provide discovery responses as to each named plaintiff pursuant to a protective order. (Doc. 16 at 2.) Plaintiffs opposed the motion on March 14, 2019, and asserted evidentiary objections. (Doc. 22.) Defendant replied on March 28, 2019, and asserted evidentiary objections. (Docs. 24, 25.) On April 1, 2019, Plaintiffs filed a reply to Defendant's evidentiary objections. (Doc. 27.)

The matter was heard on April 4, 2019, before Magistrate Judge Barbara A. McAuliffe. Counsel Patrick Keegan appeared by telephone on behalf of Plaintiff John Doe. Counsel Mona Amini appeared by telephone on behalf of Plaintiffs John Doe 1, John Doe 2 and John Doe 3. Counsel Michael Abraham appeared in person on behalf of Defendant A. J. Boggs & Company.

1

1    For the reasons that follow, and as discussed on the record, Defendant's motion for

2    protective order shall be granted in part.

3        **I.    Background**

4    This consolidated matter is a purported class action for alleged violation of California's

5    Confidentiality of Medical Information Act, Cal Civ. Code §§ 56, *et seq.* ("CMIA"). The putative

6    class includes all California citizens who were participants (enrolled) in California's AIDS Drugs

7    Assistance Program ("ADAP") whose identities, personal data, and medical information were

8    stored on the ADAP enrollment Internet portal between August 16, 2016 and December 7, 2016.

9    (Complaints at ¶ 3.)  According to the complaint, between August 2016 and December 2016,

10   Plaintiffs and other similarly situated members of the putative class were participants in ADAP.

11   Plaintiffs and other program participants allegedly relied on Defendant, the company contracted to

12   administer program enrollment, to not only aid them in procuring life-saving medications to keep

13   HIV under control, but also keep their personal medical information, including their identities as

14   HIV-positive individuals strictly confidential as required by the CMIA and other applicable laws.

15   Plaintiffs contends that Defendant negligently created, maintained, preserved, and stored Plaintiffs'

16   and the potential class members' confidential medical information without their prior written

17   authorization in violation of the CMIA.  (Complaints at ¶ 4.)

18   Plaintiffs seek proposed class notice by mail (Complaints at ¶¶ 35-36) and have served

19   discovery requesting, *inter alia*, the name and contact information for every individual who

20   allegedly is a potential class member. (Doc. 16-2, Declaration of Michael D. Abraham ("Abraham

21   Decl.") at Ex. A.) Defendant reports that the Office of the California Attorney General, as counsel

22   for the California Department of Public Health, has written to counsel for Plaintiffs and Defendant

23   in both this federal action and in a parallel state action indicating that production of such

24   information is prohibited, and civil penalties will be sought if such information is produced in

25   discovery.  (*Id*. at ¶¶ 3-6 and Exs. B-E.) [1]

26   _____

27   [1]    Plaintiffs object to the letters from the California Attorney General's Office in connection with this
      consolidated matter.  In relevant part, Plaintiffs assert that these letters "offer[] nothing other than a discussion of the
      law and an application of the law. This letter lacks foundation in that it is speculative, conclusory and represents an
28    unqualified opinion as to the interpretation of law and an improper legal opinion. This letter is also an impermissible

1     Defendant asserts that it does not want to violate the provisions of the Health & Safety

2 Code and requests that the Court issue a protective order prohibiting the production of any

3 information, documents or data that falls within the definition of "confidential public health record

4 or records" in Health & Safety Code § 121035(c). (Doc. 16-1 at 6.)  However, to defend against

5 this action, Defendant also asks the Court to find that Plaintiffs have waived their own statutory,

6 constitutional and common law privacy rights to the extent necessary to have a fair trial by bringing

7 this suit.

8     **II.     Legal Standard – Protective Orders**

9     Pursuant to Federal Rule of Civil Procedure 26(c), a party from whom discovery is sought

10 may move for a protective order in the court where the action is pending.  The court may, for good

11 cause, issue an order to protect a party from annoyance, embarrassment, oppression, or undue

12 burden or expense.  Fed. R. Civ. P. 26(c).  Options available to the court include, among other

13 things, forbidding the disclosure or discovery, forbidding inquiry into certain matters or limiting

14 the scope of disclosure or discovery to certain matters.  *Id.*

15    District courts have broad discretion to determine whether a protective order is appropriate

16 and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36

17 (1984); *see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211–12

18 (9th Cir. 2002) (finding that the law gives district courts broad latitude to grant protective orders

19 to prevent disclosure of materials for many types of information). The party seeking to limit

20 discovery has the burden of proving "good cause," which requires a showing "that specific

21 prejudice or harm will result" if the protective order is not granted. *In re Roman Catholic*

22 *Archbishop of Portland*, 661 F.3d 417, 424 (9th Cir. 2011) (citing *Foltz v. State Farm Mut. Auto.*

23 *Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003)); *Westmoreland v. Regents of the Univ. of California*,

24 No. 2:17-cv-01922-TLN-AC, 2019 WL 932220, at *3 (E.D. Cal. Feb. 26, 2019).

25

26

27    legal conclusion. Fed. R. Evid. 701, 702, 704.  Plaintiffs' objections are OVERRULED.  The Court is not relying on
the opinions contained in the letters.  Rather, the Court considers only that the California Attorney General's Office
has taken a position regarding the disclosure of HIV/AIDS confidential public health records relative to this litigation.

28    The Court will interpret the relevant Health & Safety Codes and their application in this action.

**III.    Discussion**

**A.    Disclosure of Potential Class Member Information**

The crux of this dispute is whether Health & Safety Code § 121025(d) sets forth a mandatory prohibition on civil discovery of HIV/AIDS confidential public health information, which would preclude disclosure of, among other things, the names, addresses or other contact or personally identifying information of potential class members.

When a federal court sitting in diversity interprets a state statute, it must apply state rules of statutory construction.[2] *See In re First T.D. & Inv., Inc.,* 253 F.3d 520, 527 (9th Cir. 2001)*; see also In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 746 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, —— U.S. ——, 135 S. Ct. 1591 (2015) ("In interpreting a state statute, a federal court applies the relevant state's rules of statutory construction."). Under California law, "the 'ultimate task' in statutory interpretation 'is to ascertain the legislature's intent.'" *In re First T.D. & Inv., Inc.*, 253 F.3d at 527 (quoting *People v. Massie*, 19 Cal.4th 550, 569 (1998)). "Courts should give the language of the statute 'its usual, ordinary import and accord significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose.'" *Id.* Accordingly, "[i]f the language of the statute is clear and unambiguous, the statutory analysis ends." *Viceroy Gold Corp. v. Aubry*, 75 F.3d 482, 490 (9th Cir.1996).

Section 121025 generally concerns the confidentiality of public health records relating to human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS) that were developed or acquired by a state or local public health agency or an agent of that agency. *See* Cal. Health & Saf. Code § 121025(a). Subsection (d) of 121025 provides: "A confidential public health record, as defined in subdivision (c) of Section 121035, shall not be disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding." Section 121035(c) defines "confidential public health record or records" to mean:

> any paper or electronic record maintained by the department or a local health

---

[2]    The lead case and member case in this consolidated action proceed under Class Action Fairness Act, 28 U.S.C. § 1332(d), which grants district courts original jurisdiction over class actions (1) involving an alleged plaintiff class of 100 or more members; (2) where any member of the proposed class is a citizen of a state different from any defendant; and (3) the amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interests and costs.  There is minimal diversity in this case as Defendant is a citizen of Michigan. (Doc. 1 at 5.)

department or agency, or its agent, that includes data or information in a manner that identifies personal information, including, but not limited to, name, social security number, address, employer, or other information that may directly or indirectly lead to the identification of the individual who is the subject of the record.

Defendant contends that Health & Safety Code § 121025(d) clearly and unambiguously sets forth a mandatory prohibition against civil discovery of a confidential public health record. Defendant asserts that because the language of the statute is clear and unambiguous no further statutory analysis is necessary.[3]  (Doc. 16-1 at 12.)  The Court agrees.

A primary canon of statutory interpretation is that the plain language of a statute should be enforced according to its terms, in light of its context. *Wadler v. Bio-Rad Labs., Inc.,* 916 F.3d 1176, 1186 (9th Cir. 2019). The language of 121025(d) is clear and unambiguous in the context of HIV/AIDS confidential public health records; to wit, such records cannot be disclosed, discovered or compelled in any civil proceeding.  There does not appear to be any exception allowing for disclosure in the context of litigation.

In challenging the motion for protective order, Plaintiffs argue that Defendant has failed to meet the Ninth Circuit's two-part test for consideration of protective order.  The Ninth Circuit has described this test as follows:

> A court considering a motion for a [] protective order must proceed in two steps. First, it must determine whether "particularized harm will result from disclosure of information to the public." *Id.* at 1211. As we have explained, "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir.1992) (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3rd Cir.1986)) (internal quotation marks omitted). Rather, the person seeking protection from disclosure must "allege specific prejudice or harm." *See id.* Second, if the court concludes that such harm will result from disclosure of the discovery

---

[3]  Defendant filed a request that the Court take judicial notice of publicly available legislative records. (Doc. 17.)  The records are unnecessary to the Court's determination. The Court turns to extrinsic materials, like legislative history, only if the statutory text is ambiguous. *Steinle v. City & Cty. of San Francisco*, No. 17-16283, 2019 WL 1323172, at *6 (9th Cir. Mar. 25, 2019) Accordingly, the Request for Judicial Notice is HEREBY DENIED. Plaintiffs also filed a request that the Court take judicial notice of various Health & Safety Code sections. (Doc. 22-2).  A court may take judicial notice of the pertinent statutes. Fed. R. Evid. 201; *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1153 n.3 (9th Cir. 2017) (finding that court may take judicial notice of statutes and regulations not included in the plaintiff's complaint).  Therefore, Plaintiffs' request is GRANTED, but is limited to judicial notice of those California Health & Safety Code sections relevant and necessary to resolve the instant motion.

documents, then it must proceed to balance "the public and private interests to decide whether [maintaining] a protective order is necessary." *Phillips*, 307 F.3d at 1211. We have directed courts doing this balancing to consider the factors identified by the Third Circuit in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995). [fn 5] *See Phillips*, 307 F.3d at 1211.

*In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d at 424. Plaintiffs assert that Defendant has not presented evidence demonstrating that "particularized harm will result from disclosure of information to the public" by alleging "specific prejudice or harm" as required by the Ninth Circuit. (Doc. 22 at 5.) However, the California Legislature has determined that the nature of HIV/AIDS confidential public health records warrant protection and that negligent or intentional violations of the statute are actionable offenses. *See* Cal. Health & Saf. Code § 121025(e)(5). Given the explicit provisions of the statute, Defendant would be able to satisfy both prongs.

Plaintiffs also forward multiple arguments to suggest that Defendant's interpretation of the Health & Safety Code is not supported. First, Plaintiffs argue that Defendant has failed to establish what information, if any, is in its possession covered by the Health & Safety Code. This argument is not persuasive. Assuming Defendant has confidential public health information in its possession, custody or control, that information cannot be disclosed or compelled in this action. Such a prohibition extends not just to the health record itself, but also to the "name, social security number, address, employer, or other information that may directly or indirectly lead to the identification of the individual who is the subject of the record." Cal. Health & Saf. Code § 121035(c). Nevertheless, and as acknowledged by Defendant at oral argument, Defendant may not use the statutory provision to preclude all discovery in this action, and such protection is limited to the confidential public health record or records.

Second, Plaintiffs argue that neither section 121025(d) nor any other Health & Safety Code section apply. With regard to section 121025(d), Plaintiffs assert only that the statute "is limited to 'A **confidential public health record, as defined in subdivision (d) of Section 121035.**'" (Doc. 22 at 10.) This statement does not demonstrate that the statute is inapplicable here. In fact, Plaintiffs seek in discovery the information which is contained in a "confidential public health record."

6

Plaintiffs also argue that Section 121025 does not prohibit disclosure, because subdivision (c) of that section provides "Except as provided in paragraphs (1) to (3) inclusive, **or as otherwise provided by law**, any disclosure authorized by subdivision (a) or (b) shall not be made without written authorization as described in subdivision (a)." Plaintiffs therefore suggest that where the law otherwise permits discovery for litigation purposes, the statutory prohibition does not apply. However, interpreting the "otherwise provided by law" phrasing as suggested by Plaintiffs essentially would nullify section 121025(d)'s prohibition against civil discovery. The Court declines to interpret the statute in such a fashion given the clear, specific language of section 121025(d). "It is a commonplace of statutory construction that the specific governs the general." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012) (noting canon is most frequently applied to statutes in which a general permission or prohibition is contradicted by a specific prohibition or permission and to eliminate the contradiction, the specific provision is construed as an exception to the general one); *Woods v. Young*, 53 Cal.3d 315, 325 (1991) (reiterating that specific provision relating to a particular subject will govern a general provision); *See, also, Ciolino v. Frank (In re HP Inkjet Printer Litig.),* 716 F.3d 1173, 1184 (9th Cir.2013) ("Under accepted canons of statutory interpretation, we must make every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous." (internal quotation marks and alterations omitted)).

Further, Plaintiffs suggest that 121025's prohibition against discovery does not apply because Health & Safety Code 121035, which defines confidential public health records, also limits "Disclosed" or "disclosure" or "discloses" to the meaning set forth in subdivision (b) of section 121125, and subdivision (b) limits disclosure to a "confidential research record." Plaintiffs' argument is misplaced. Section 121025(d) refers only to the definition of "confidential public health record or records" in section 121035. It does not refer to the definition of records in section 121125.

Third, Plaintiffs argue that California's appellate courts have rejected the "sweeping interpretations" of the Health & Safety Codes as urged by Defendant, citing to *Urbaniak v. Newton,*

226 Cal.App.3d 1128 (1991) and *Jeffrey H v. Imai, Tadlock & Keeney*, 85 Cal.App.4th 345 (2000).

Plaintiffs' citations are not persuasive. Neither *Urbaniak* nor *Jeffrey H.* were concerned with the application of section 121025 to agents of the California Department of Public Health having access to confidential public health records. Moreover, at least one district court in this Circuit has acknowledged the prohibition on discovery set forth in section 121025(d). In *Wolpin v. Philip Morris Inc.*, 189 F.R.D. 418, 428 (C.D. Cal. 1999), the court found that the California legislature had "adopted specific safeguards protecting confidential medical information from discovery," and noted that "information concerning persons with AIDS is not discoverable in any administrative, civil, or criminal proceeding. *See* Cal. Health & Safety Code §§ 120975, 121025 (1998)." *Id.*

As a final matter, Plaintiffs argue that the federal Health Insurance Portability and Accountability Act ("HIPAA") and the CMIA both permit disclosure of protected health information in the context of judicial proceedings. In so arguing, Plaintiffs cite Health & Safety Code § 121026(a), which deals with sharing of health records involving "the diagnosis, care, and treatment of human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS) related to a beneficiary enrolled in federal Ryan White Act funded programs" between the State Department of Public Health and qualified entities. Plaintiffs also rely directly on § 121026(e) (emphasis added), which provides:

> **This section shall be implemented only to the extent permitted by federal law**. All employees and contractors of a qualified entity who have access to confidential HIV-related medical records pursuant to this section shall be subject to, and all information shared pursuant to this section shall be protected in accordance with, the federal Health Insurance Portability and Accountability Act (Public Law 104-191) and the final regulations issued pursuant to that act by the United States Department of Health and Human Services (45 C.F.R. Parts 160 and 164), the Confidentiality of Medical Information Act (Part 2.6 (commencing with Section 56) of Division 1 of the Civil Code), and the Insurance Information and Privacy Protection Act (Article 6.6 (commencing with Section 791) of Part 2 of Division 1 of the Insurance Code).

Plaintiffs argue that based upon 121026(e), including the plain language of subdivision (e), to the extent Defendant possesses confidential HIV-related medical records, production of such medical records can be ordered "as HIPAA and the CMIA expressly authorize the disclosure of medical information in the context of judicial proceedings such as this case." (Doc. 22 at 13.) In other

8

words, as a federally funded program, the discovery Plaintiffs seek is permitted because it would be permitted under HIPAA. Plaintiffs' citation to 121026(e) is not persuasive because section 121026(d) expressly precludes disclosure of information in civil discovery. Specifically, 121026(d) provides: "Notwithstanding any other law, information shared pursuant to this section shall not be disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding." Plaintiff's reading of subsection (e) would render subsection (d) a nullity, and the Court declines to adopt such a construction of the statute. *See RadLAX Gateway Hotel, LLC*, 566 U.S. at 645; *Woods*, 53 Cal.3d at 325.

Insofar as Plaintiffs suggest that HIPAA preempts state law privacy protections, this suggestion lacks merit. HIPAA does not preempt "more stringent" privacy protections guaranteed under state law. *See* 45 C.F.R. § 160.203(b); *see also OPIS Mgmt. Res., LLC v. Sec., Fla. Agency for Health Care Admin.*, 713 F.3d 1291, 1294 (11th Cir.2013); *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 47 F.Supp.3d 1069, 1081 (D. Haw. 2014), aff'd, 810 F.3d 631 (9th Cir. 2015) (noting courts have recognized that HIPAA does not preempt "more stringent" privacy protections guaranteed under state law). Additionally, Plaintiffs cite nothing in the CMIA that overrides the discovery prohibition in Health & Safety Code § 121025. That Defendant was (or is) required to comply with both HIPAA and CMIA, whether by contract or statute, is not determinative.

Based on the foregoing, the Court finds that Defendant's request for a protective order precluding Plaintiffs from obtaining disclosure and discovery of HIV/AIDS confidential public health records, as defined in Health & Safety Code § 121035(c), for putative class members should be granted. This protective order includes information identified in Health & Safety Code § 121026(a) shared with the California Department of Public Health and Defendant.

**B.** **Disclosure and Discovery of Plaintiffs' Information**

Defendant also contends that Plaintiffs have waived their privacy rights in bringing the instant action and each "named" Plaintiff should be ordered to confidentially provide a valid written authorization and his identity subject to a protective order. (Doc. 16-1 at 19.) Plaintiffs assert that they have no objection to Defendant learning their identity or conducting discovery

regarding the information in Defendant's possession particular to each named Plaintiff under a confidentiality order, but objects to allowing Defendant to conduct discovery into Plaintiff's medical records or require Plaintiffs to submit to a physical or mental examination under Federal Rule of Civil Procedure 35. (Doc. 22 at 16-17)

California law recognizes a constitutional right to privacy in an individual's medical history. *See Pettus v. Cole*, 49 Cal.App.4th 402, 440 (1996) ("The 'zones of privacy' created by article I, section 1 [of the California Constitution], extend to the details of one's medical history"). The right to privacy is not absolute, however, but rather a right subject to invasion where a compelling public interest is involved. *Hill v. Nat'l Collegiate Athletic Ass'n.*, 7 Cal. 4th 1, 37-38 (1994); *see also Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1995). When evidence is particularly important to a claim or defense, a party's right to discovery of that evidence is more likely to outweigh competing privacy claims. *Denari v. Superior Ct. (Kern County)*, 215 Cal. App. 3d 1488, 1501 (1989).

In determining whether a plaintiff has waived the right of privacy by bringing suit, the California Supreme Court "has noted that although there may be an implicit partial waiver, the scope of such waiver must be narrowly, rather than expansively, construed so that plaintiffs will not be unduly deterred from instituting lawsuits by fear of exposure of private activities." *Davis v. Superior Court (Kern County)*, 7 Cal.App.4th 1008, 1014 (1992), citing *Vinson v. Superior Court*, 43 Cal.3d 833, 842 (1987). "An implicit waiver of a party's constitutional rights encompasses only discovery directly relevant to the plaintiff's claim and essential to the fair resolution of the lawsuit." *Starr v. Lash*, No. 16CV2064-L(JMA), 2017 WL 1400114, at *2 (S.D. Cal. Apr. 19, 2017); *Tylo v. Superior Court*, 55 Cal.App.4th 1379, 1387 (1993) ("In those situations where it is argued that a party waives protection by filing a lawsuit, the court must construe the concept of "waiver" narrowly and a compelling public interest is demonstrated only where the material sought is *directly relevant* to the litigation.") (emphasis in original).

In this case, the Court finds the identity of each individual John Doe plaintiff bringing this action and information in the possession of Defendant which such Plaintiffs submitted to the ADAP

enrollment portal (and its attributes) are relevant to the claim and defenses in this action and are essential to a fair resolution of this lawsuit. Such disclosures and discovery shall be subject to a protective order to protect the confidentiality of the information.

**IV.     Conclusion and Order**

For the reasons stated above, and good cause appearing, Defendant's motion for protective order is GRANTED IN PART. It is HEREBY ORDERED as follows:

1.     Except as for each of the John Doe plaintiffs bringing this suit, the parties shall comply with the express prohibitions on discovery, disclosure and compulsion to produce contained in California Health & Safety Code §§ 121025(d), 121026(d). No information, documents or data meeting the definition of "Confidential public health record or records" in Health & Safety Code § 121035(c) shall be produced by Defendant in discovery in this action for putative class members.

2.     The scope of protection contemplated by this order shall not include discovery requested by any party which falls outside the scope of California Health & Safety Code §§ 121025 and 121026.

3.     By instituting this action, Plaintiffs have made an implicit, partial waiver of their privacy rights and do not oppose Defendant learning of their identities or conducting discovery regarding the information in Defendant's possession particular to each named Plaintiff under a confidentiality order. In the absence of any challenge to this protective order, Defendant is entitled to propound discovery to, receive discovery from and provide discovery responses to Plaintiffs without risk of statutory or discovery sanctions based on the merits of the claims and/or defenses of each John Doe plaintiff bringing this suit, and is limited to information in Defendant's possession submitted to the ADAP enrollment portal (and its attributes) for each individual John Doe plaintiff bringing this action. This information also includes information identified in Health & Safety Code § 121026(a) shared between the California Department of Public Health and Defendant.

4.     The parties are DIRECTED to meet and confer to prepare a protective order

11

consistent with this order that sets forth not only the scope of the protection, but also the individuals or entities permitted to review the protected information.  The parties shall submit the proposed protective for the Court's review and consideration no later than **May 3, 2019.**

5.      Additionally, subject to the protective order, each John Doe plaintiff shall be required to confidentially provide written authorizations that are valid under HIPAA, CMIA, and the California Health & Safety Code statutes and that cover the discovery identified in Paragraph 3 above, as well as Plaintiff's actual identity, including name and address or other identifying information used in the ADAP enrollment portal.

6.      The Court contemplates that the parties will submit for consideration and potential entry a standard protective order addressing confidentiality with regard to other discovery that is not covered by this order.

7.      Defendant's counsel is directed to provide notice of the entry of this order to the California Attorney General in its capacity as counsel for the California Department of Public Health.

IT IS SO ORDERED.

Dated:   **April 5, 2019**              /s/ *Barbara A. McAuliffe*

                                        UNITED STATES MAGISTRATE JUDGE