1  ROBERT H. BUNZEL (SBN 99395)
   *rbunzel@bzbm.com*
2  MICHAEL D. ABRAHAM (SBN 125633)
   *mabraham@bzbm.com*
3  JAYNE LAIPRASERT (SBN 256930)
   *jlaiprasert@bzbm.com*
4  BARTKO ZANKEL BUNZEL & MILLER
   A Professional Law Corporation
5  One Embarcadero Center, Suite 800
   San Francisco, California 94111
6  Telephone: (415) 956-1900
   Facsimile:  (415) 956-1152
7
   Attorneys for Defendants
8  A.J. BOGGS & COMPANY

   PATRICK N. KEEGAN (SBN 167698)
   *pkeegan@keeganbaker.com*
   KEEGAN & BAKER, LLP
   2292 Faraday Avenue, Suite 100
   Carlsbad, CA  92008
   Telephone:   (760) 929-9303
   Facsimile:    (760) 929-9260

   Attorney for Plaintiff
   JOHN DOE

   ABBAS KAZEROUNIAN (SBN 249203)
    *ak@kazlg.com*
   MONA AMINI (SBN 296829)
    *mona@kazlg.com*
   KAZEROUNI LAW GROUP, APC
   245 Fischer Avenue, Unit D1
   Costa Mesa, California  92626
   Telephone:   (800) 400-6808
   Facsimile:    (800) 520-5523

   Attorneys for Plaintiffs
   JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>A.J. BOGGS & COMPANY; and DOES 1-100,<br><br>Defendants. | Case No. 1:18-CV-01464 AWI BAM (Consolidated with former Case No. 1:19-CV-00061-AWI-BAM)<br><br>**PROTECTIVE ORDER REGARDING HEALTH AND SAFETY CODE §§ 121025(d) AND 121026(d) AND EACH "NAMED" JOHN DOE PLAINTIFFS' PARTIAL IMPLIED WAIVER** |

WHEREAS, on February 28, 2019, Defendant A.J. Boggs & Company filed a motion for protective order;

WHEREAS, after full briefing by the parties, the Court heard oral argument on Defendant's motion on April 4, 2019;

1    WHEREAS, on April 5, 2019, the Court issued its Order Partially Granting Defendant's

2    Motion for Protective Order (Dkt. No. 31), which directed, in part, that the parties meet and confer

3    to prepare a proposed protective order consistent with the Court's April 5, 2019 Order "that sets

4    forth not only the scope of the protection, but also the individuals or entities permitted to review the

5    protected information" and to "submit the proposed protective for the Court's review and

6    consideration no later than **May 3, 2019.**";

7    NOW, THEREFORE, in the consolidated action pending in the United States District Court,

8    Eastern District of California, Fresno Division, entitled *John Doe, individually and on behalf of all*

9    *others similarly situated, v. A.J. Boggs & Company*, Case No. 1:18-CV-01464-AWI-BAM ("the

10    Litigation"), each of the individual "named" John Doe plaintiffs and defendant A.J. Boggs &

11    Company ("Defendant") (collectively hereafter "Parties" or individually, "Party") submit the

12    following proposed Protective Order re: Health and Safety Code §§ 121025(d) and 121026(d),

13    and GOOD CAUSE appearing therefore, the Court HEREBY ORDERS AS FOLLOWS:

14    **I.    PROTECTIVE ORDER**

15    (a)    Except as for each of the John Doe plaintiffs bringing this suit, the parties shall

16    comply with the express prohibitions on discovery, disclosure and compulsion to produce contained

17    in California Health & Safety Code §§ 121025(d), and 121026(d).  (Dkt. No. 31, ¶1, 11:7-9).  As

18    set forth the Court's April 5, 2019 Order (Dkt. No. 31), "Section 121025 generally concerns the

19    confidentiality of public health records relating to human immunodeficiency virus (HIV) or acquired

20    immunodeficiency syndrome (AIDS) that were developed or acquired by a state or local public

21    health agency or an agent of that agency. See Cal. Health & Saf. Code § 121025(a). Subsection (d)

22    of 121025 provides: 'A confidential public health record, as defined in subdivision (c) of Section

23    121035, shall not be disclosed, discoverable, or compelled to be produced in any civil, criminal,

24    administrative, or other proceeding.'" (Dkt. No. 31, 4:18-23).  No information, documents or data

25    meeting the definition of "Confidential public health record or records" in Health & Safety Code §

26    121035(c) shall be produced by Defendant in discovery in this action for putative class members.

27    (Dkt. No. 31, ¶1, 11:9-12). Section 121035(c) defines "confidential public health record or records"

28    as:

any paper or electronic record maintained by the department or a local health department or agency, or its agent, that includes data or information in a manner that identifies personal information, including, but not limited to, name, social security number, address, employer, or other information that may directly or indirectly lead to the identification of the individual who is the subject of the record. (Dkt. No. 31, 4:25-5:3).

(b)    The scope of protection contemplated by this Protective Order shall not include discovery requested by any party which falls outside the scope of California Health & Safety Code §§ 121025 and 121026.[1] (Dkt. No. 31, ¶2, 11:13-15). This Protective Order's protections and prohibitions do not extend to, resolve, or address discovery, or objections to discovery, by any Party which falls outside of the scope of the prohibitions in California H&S Code §§ 121025(d) and/or 121026(d).

(c)    As set forth the Court's April 5, 2019 Order (Dkt. No. 31), "[b]y instituting this action, [the John Doe] Plaintiffs have made an implicit, partial waiver of their privacy rights and do not oppose Defendant learning of their identities or conducting discovery regarding the information in Defendant's possession particular to each named [John Doe] Plaintiff under a confidentiality order." (Dkt. No. 31, ¶3, 11:16-19). As further held by the Court, "Defendant is entitled to propound discovery to, receive discovery from and provide discovery responses to Plaintiffs without risk of

---

[1] Section 121026(a) provides: "Notwithstanding subdivision (f) of Section 120980, Section 121010, subdivision (g) of Section 121022, subdivision (f) of Section 121025, Section 121115, and Section 121280, the State Department of Public Health and qualified entities may share with each other health records involving the diagnosis, care, and treatment of human immunodeficiency virus (HIV) or acquired immunodeficiency syndrome (AIDS) related to a beneficiary enrolled in federal Ryan White Act funded programs who may be eligible for services under the federal Patient Protection and Affordable Care Act (Public Law 111-148), as amended by the federal Health Care and Education Reconciliation Act of 2010 (Public Law 111-152). The qualified entities, who shall be covered entities under the federal Health Insurance Portability and Accountability Act (Public Law 104-191) and the final regulations issued pursuant to the act by the United States Department of Health and Human Services (45 C.F.R. Parts 160 and 164), may share records only for the purpose of enrolling the beneficiary in Medi-Cal, the bridge programs, Medicaid expansion programs, and any insurance plan certified by the California Health Benefit Exchange established pursuant to Title 22 (commencing with Section 100500) of the Government Code, or any other programs authorized under the federal Patient Protection and Affordable Care Act (Public Law 111-148), and for the purpose of continuing his or her access to those programs and plans without disruption." Section 121026(d) provides: "Notwithstanding any other law, information shared pursuant to this section shall not be disclosed, discoverable, or compelled to be produced in any civil, criminal, administrative, or other proceeding."

statutory or discovery sanctions based on the merits of the claims and/or defenses of each John Doe plaintiff bringing this suit, and is limited to information in Defendant's possession submitted to the ADAP enrollment portal (and its attributes) for each individual John Doe plaintiff bringing this action. This information also includes information identified in Health & Safety Code § 121026(a) shared between the California Department of Public Health and Defendant." (Dkt. No. 31, ¶3, 11:19-26). This information shall hereinafter be referred to as "John Doe Plaintiffs' Highly Confidential – Health Information."

(d)     The following persons are authorized to have access to materials designated John Doe Plaintiffs' Highly Confidential – Health Information and each John Doe Plaintiff's actual identity, including name and address or other identifying information used in the ADAP enrollment portal (hereinafter collectively referred to as the "Protected Material"):

(i)     Attorneys actively involved in the representation of the particular "named" John Doe plaintiff, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(ii)     Attorneys actively involved in the representation of Defendant, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iii)     The particular individual whose Highly Confidential-Health Information is contained in the John Doe Plaintiffs' Highly Confidential-Health Information material as to his or her own information only;

(iv)     Officers and employees of the Defendant actively involved in assisting counsel in the Litigation who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case;

(v)     Any expert or consultant who is retained by any of the Parties or by his/its counsel of record to assist counsel in the Litigation, and any employee of any expert or consultant assisting in the Litigation who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that the disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case; and

(vi)     The court, its clerks and research attorneys.

Each person to whom Protected Material is permitted to be disclosed pursuant to Section I.(e)(iv-v) shall complete and sign  the non-disclosure agreement entitled "Acknowledgment and Agreement to Be Bound" attached hereto as Exhibit A prior to their receipt of the John Doe

Plaintiffs' Protected Material , and shall agree to be bound by this Protective Order and to be subject to the jurisdiction of this Court for the purposes of enforcement.  Counsel disclosing John Doe Plaintiffs' Protected Material to persons required to execute non-disclosure agreements shall retain all of the executed agreements.  Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing party if the Court so orders upon a showing of good cause.  Persons identified in Sections I.(e)(i)-(iii) shall not be required to execute an Exhibit A agreement, provided that counsel making disclosure to the individuals advise them of the terms of the Protective Order and they agree to be bound thereby.

(e)     Additionally, subject to this Protective Order, each John Doe plaintiff is required to confidentially provide written authorizations that are valid under HIPAA, CMIA, and the California Health & Safety Code statutes and that cover the John Doe Plaintiffs' Highly Confidential – Health Information, as well as Plaintiff's actual identity, including name and address or other identifying information used in the ADAP enrollment portal.  (Dkt. No. 31, ¶5, 12:4-8).

(f)     Protected Material shall not be disclosed to or made accessible to any individual except as specifically permitted by this Protective Order.  Protected Material shall be used solely for purposes of the Litigation.

(g)     No Party waives any right it otherwise would have to seek discovery of or object to disclosing or producing any document or information on any ground not specifically addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use any of the material covered by this Protective Order as evidence in the Litigation.

(h)     A Party that seeks to file any materials designated as "John Doe Plaintiffs' Highly Confidential-Health Information" pursuant to this Protective Order to the United States District Court for the Eastern District of California in the Litigation must comply with Fed. R. Civ. P. 5.2, 26 and Local Rule 141 of  the United States District Court for the Eastern District of California.

(i)     Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion

1  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the

2  time limits for filing any motions or applications for extension of time pursuant to applicable law.

3  Within sixty (60) days after final disposition of this action is concluded, each person receiving

4  Protected Material must return all Protected Material to the Party producing Protected Material or

5  destroy such Protected Material , at the election of the producing party.  As used in this subdivision,

6  "all Protected Material" includes all materials designated "John Doe Plaintiffs' Highly Confidential-

7  Health Information" and Plaintiff's actual identity, including name and address or other identifying

8  information used in the ADAP enrollment portal, and all abstracts, compilations, copies, excerpts,

9  extracts, summaries, and any other format reproducing or capturing any of the Protected Material.

10 Whether the Protected Material is returned or destroyed, the person receiving Protected Material

11 must submit a written certification under oath to the Party producing Protected Material by the 60-

12 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was

13 returned or destroyed and (2) affirms that the person receiving Protected Material has not retained

14 any abstracts, compilations, copies, excerpts, extracts, summaries, and any other format reproducing

15 or capturing any of the Protected Material.

16     (j)     The Court shall retain jurisdiction over all persons to be bound by the terms of this

17 Protective Order, during the pendency of this Litigation and for the time thereafter as is needed to

18 carry out its terms.

19

20

21

22

23

24

25

26

27

28

## EXHIBIT A

### Acknowledgment and Agreement to Be Bound

I, _____ [print or type full name], of _____

_____[print or type full current home address], declare under penalty of

perjury that I have read in the Protective Order re: H&S Code §§ 121025(d) and 121026(d) in its

entirety and understand that the Protective Order was issued by the United States District Court for

the Eastern District of California in the consolidated action pending in the United States District

Court, Eastern District of California, Fresno Division, entitled *John Doe, individually and on behalf*

*of all others similarly situated, v. A.J. Boggs & Company*, Case No. 1:18-CV-01464-AWI-BAM

("the Litigation").  I agree to comply with and to be bound by all the terms of this Protective Order

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even

if such enforcement proceedings occur after termination of this action.


DATED: _____

By (Signature):_____

Print Name:_____

Title:_____

Entity:_____

City and State where sworn and signed:_____

_____

## **ORDER**

The Court adopts the protective order submitted by the parties pursuant to the Court's Order Partially Granting Defendant's Motion for Protective Order issued on April 8, 2019 (Doc. No. 31.) The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated:   **May 7, 2019**                      /s/ *Barbara A. McAuliffe*     _

UNITED STATES MAGISTRATE JUDGE