| | |
|---|---|
| ROBERT H. BUNZEL (SBN 99395)<br>  *rbunzel@bzbm.com*<br>MICHAEL D. ABRAHAM (SBN 125633)<br>  *mabraham@bzbm.com*<br>JAYNE LAIPRASERT (SBN 256930)<br>  *jlaiprasert@bzbm.com*<br>BARTKO ZANKEL BUNZEL & MILLER<br>A Professional Law Corporation<br>One Embarcadero Center, Suite 800<br>San Francisco, California 94111<br>Telephone: (415) 956-1900<br>Facsimile: (415) 956-1152<br><br>Attorneys for Defendant<br>A.J. BOGGS & COMPANY | PATRICK N. KEEGAN (SBN 167698)<br>  *pkeegan@keeganbaker.com*<br>KEEGAN & BAKER, LLP<br>2292 Faraday Avenue, Suite 100<br>Carlsbad, CA 92008<br>Telephone: (760) 929-9303<br>Facsimile: (760) 929-9260<br><br>Attorney for Plaintiff<br>JOHN DOE<br><br>ABBAS KAZEROUNIAN (SBN 249203)<br>  *ak@kazlg.com*<br>MONA AMINI (SBN 296829)<br>  *mona@kazlg.com*<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, California 92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br><br>Attorneys for Plaintiffs<br>JOHN DOE 1, JOHN DOE 2, and JOHN DOE 3 |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>A.J. BOGGS & COMPANY; and DOES 1-100,<br><br>    Defendants. | Case No. 1:18-CV-01464 AWI-BAM<br>(Consolidated with former Case No. 1:19-CV-00061-AWI-BAM)<br><br>**STIPULATION AND STANDARD PROTECTIVE ORDER** |

WHEREAS, the Court's Order Partially Granting Defendant's Motion For Protective Order, dated April 5, 2019 (Dkt. No. 31), at Paragraph 6 states: "The Court contemplates that the parties will submit for consideration and potential entry a standard protective order addressing confidentiality with regard to other discovery that is not covered by this [April 5, 2019] Order" (Dkt. No. 31, ¶6, 12:9-11); and

WHEREAS, each of the named John Doe plaintiffs and defendant A.J. Boggs & Company ("Defendant") (collectively hereafter "Parties" or individually "Party") in the consolidated action pending in the United States District Court, Eastern District of California, Fresno Division, entitled *John Doe, individually and on behalf of all others similarly situated, v. A.J. Boggs & Company*, Case No. 1:18-CV-01464-AWI-BAM ("the Litigation"), desire to have a protective order entered that addresses confidentiality protection for information not covered in the Court's April 5, 2019 Order (hereinafter the "Standard Protective Order");

WHEREAS, the Parties have entered into a Stipulation for Standard Protective Order, subject to the condition precedent of the Court entering the proposed Standard Protective Order, and GOOD CAUSE appearing therefore, the Court HEREBY ORDERS AS FOLLOWS:

**I. GENERAL PROVISIONS**

1. Nothing in this Standard Protective Order addresses, modifies or waives (i) the Court's April 5, 2019 Order Partially Granting Defendant's Motion For Protective Order (Dkt. No. 31), and/or (ii) the separately proposed "Protective Order Regarding Health And Safety Code §§ 121025(D) And 121026(D) And Each "Named" John Doe Plaintiffs' Partial Implied Waiver."

2. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle the Parties to file confidential information under seal. Instead, Local Rule 141 (Fed. R. Civ. P. 5.2, 26) sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

3. All Parties will, in good faith, abide by the terms of this Standard Protective Order.

4. This Standard Protective Order is intended to be consistent and co-extensive with, and no more or less stringent than, the governing California and federal laws and regulations.

## II. SCOPE OF STANDARD PROTECTIVE ORDER

1. The protection of this Standard Protective Order may be invoked with respect to all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter (collectively "Discovery Materials") produced or created in this Litigation that contain Confidential Information. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined below), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a receiving Party or becomes part of the public domain after its disclosure to a receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the receiving Party prior to the disclosure or obtained by the receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating Party.

2. "Confidential Information" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

3. "Highly Confidential Information – Attorneys' Eyes Only" means information (regardless of how it is generated, stored or maintained) or tangible things that contain highly sensitive, confidential, proprietary and/or trade secret information, including, but not limited to information protected by constitutional, statutory and/or common law right to privacy, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.  Discovery Materials containing Confidential Information, or Highly Confidential Information – Attorneys' Eyes Only, may be respectively designated as "Confidential" or "Highly Confidential Information – AEO." Protected Material means any Discovery Material that is designated as either "Confidential Information" or "Highly Confidential Information – AEO." Designating Party means a Party or Non-Party that designates information or items as Protected Material. Producing Party means a Party or Non-Party that produces Discovery Material in this action. Receiving Party means a Party that receives Discovery Material from a Producing Party.

## III. DESIGNATION OF MATERIALS AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL – AEO"

1.  Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party shall promptly notify all other Parties that it is withdrawing the mistaken designation.

2.  In making the designation of materials pursuant to this Order, the Producing Party or Designating Party shall give due consideration to whether the information contained in the materials (1) has been produced, disclosed or made available to the public in the past, (2) has been published, communicated or disseminated to others not obligated to maintain the confidentiality of the information contained therein, (3) has not been preserved or maintained in a manner calculated to preserve its confidentiality, or (4) is available from a third party or commercial source that is not obligated to maintain its confidentiality or privacy.

3.  The protection of this Standard Protective Order may be invoked with respect to materials in the following manner:

    (i) Documents when produced or otherwise designated shall bear the clear and legible legend "Confidential" or "Highly Confidential-AEO" on each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party or Designating

       Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or by a watermark).
  (ii) As to discovery requests or the responses thereto, the pages of those requests or responses containing "Confidential" or "Highly Confidential-AEO" materials shall be so marked with the clear and legible legend, and the first page of the requests or responses shall bear a legend substantially stating that "This Document Contains 'Confidential' or 'Highly Confidential-AEO' Material." . If only a portion or portions of a request or a response qualifies for protection, the Producing Party or Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins or by a watermark).
  (iii) As to deposition testimony, "Confidential" or "Highly Confidential-AEO" treatment may be invoked by: (1) declaring the same on the record at the deposition with instructions to so designate on the cover of the deposition transcript, or (2) designating specific pages as "Confidential" or "Highly Confidential-AEO" and serving that designations within thirty (30) days of receipt of the transcript of the deposition in which the designations are made. All deposition testimony shall be treated as "Highly Confidential-AEO" pending receipt of a transcript of the deposition.

  4. If any Producing Party inadvertently produces or discloses any "Confidential" or "Highly Confidential-AEO" without marking it with an appropriate legend, the Producing Party or Designating Party shall promptly notify the Receiving Party that the information should be treated in accordance with the terms of this Standard Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) court days of the receipt of substitute copies, the Receiving Party shall return the previously unmarked items and all copies thereof. The inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. The designation shall be timely made as soon as possible after the discovery of the inadvertent production or disclosure.

**IV. CHALLENGES TO "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL-AEO" DESIGNATION**

  1. Any Party or Non-Party may challenge a designation of confidentiality at any time. Any Party believing materials designated as "Confidential" or "Highly Confidential-AEO" by another is not entitled to that designation shall notify the Producing Party or Designating Party of

that belief in writing, provide a brief statement of the basis for that belief with service on all other Parties, and allow ten (10) days for the Producing Party or Designating Party to respond.

2. If a Producing Party or Designating Party does not modify its designation of the materials in response to a notice pursuant to paragraph IV.1. of this Standard Protective Order, then the Party challenging the "Confidential" or "Highly Confidential-AEO" designation may move the Court for an order modifying or removing the designation. To maintain "Confidential" status, the burden shall be on the proponent of confidentiality to show that the material or information is entitled to protection under applicable law. Unless and until a "Confidential" or "Highly Confidential-AEO" designation is voluntarily withdrawn by the Producing Party or Designating Party, or the Court issues an order modifying or removing the designation, all Parties shall continue to maintain the level of protection which the material at issue is entitled under the Producing Party's or Designating Party's designation until the Court rules on the challenge.

## V. DISCLOSURE OF MATERIALS DESIGNATED AS CONFIDENTIAL

1. Discovery Materials designated "Confidential," as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Standard Protective Order. Discovery Materials designated "Confidential" shall be used solely in the preparation for motion practice, resolution and/or trial of the Litigation, and shall not be used at any time for any other purpose. All materials designated as "Confidential" shall remain in the possession of the counsel of record of the Party to whom these materials are produced, and they shall not permit any of the materials to leave their possession, except that copies of these materials may be made for the use of persons to whom disclosure may be made under this Standard Protective Order, or for the purpose of submission to the Court under the terms of this Standard Protective Order.

2. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Materials designated as "Confidential" may be disclosed only to:

    (i) The Court, its clerks and research attorneys;

    (ii) Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

(iii) the officers, directors, and employees (including In-house attorneys) employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation and who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(iv) The named John Doe Plaintiffs, provided that the materials designated "Confidential" may be disclosed to named John Doe Plaintiffs only to the extent the disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case and who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(v) Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of that an expert assisting in the Litigation (hereafter, "Experts") only to the extent the disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case, and who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(vi) Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if the persons are informed of the terms of this Standard Protective Order, provided with a copy of the Standard Protective Order and agree, on the record, that they are bound by the terms of the Standard Protective Order and are required not to disclose information contained in the materials designated as "Confidential";

(vii) Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

(viii) Employees of outside copying services and other vendors retained by counsel to assist in the copying, imaging, handling or computerization of documents, but only to the extent necessary to provide those services in connection with the Litigation and only after being informed of the provisions of this Standard Protective Order and agreeing to abide by its terms;

(ix) Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

(x) Any person who created a document or was the recipient thereof.

3. Each person to whom "Confidential" materials are permitted to be disclosed pursuant to Section V.(2)(iii) and (v) shall complete and execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of the Confidential materials, and shall agree to be bound by this Standard Protective Order and to be subject to the jurisdiction of this Court for the purposes of enforcement, except that individuals identified in paragraphs V.(2)(ii) shall not be required to execute the agreement, provided that counsel making disclosure to those individuals advise them of the terms of the Standard Protective Order and they agree to be bound thereby. Counsel for a Party or Non-Party disclosing "Confidential" materials to persons required to execute non-disclosure agreements shall retain all of the executed agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing Party or Non-Party if the Court so orders upon a showing of good cause.

## VI. DISCLOSURE OF MATERIALS DESIGNATED AS HIGHLY CONFIDENTIAL-AEO

1. Discovery Materials designated "Highly Confidential-AEO" as well as summaries, excerpts and extracts thereof, shall not be disclosed to or made accessible to any person except as specifically permitted by this Standard Protective Order. Discovery Materials designated "Highly Confidential-AEO" shall be used solely in the preparation for motion practice, resolution and/or trial of the Litigation, and shall not be used at any time for any other purpose. All materials designated as "Highly Confidential-AEO" shall remain in the possession of the counsel of record of the Party to whom these materials are produced, and they shall not permit any of the materials to leave their possession, except that copies of these materials may be made for the use of persons to whom disclosure may be made under this Standard Protective Order, or for the purpose of submission to the Court under the terms of this Standard Protective Order.

2. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Materials designated as "Highly Confidential-AEO" may be disclosed only to:

  (i) The court, its clerks and research attorneys;

  (ii) Attorneys actively involved in the representation of a Party, their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation;

    (iii)    In-house attorneys employed by any Party and working on the Litigation, and their secretaries, paralegals, legal assistants, and other staff actively involved in assisting in the Litigation and who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (iv)    Any expert or consultant who is retained by any of the Parties or their counsel of record to assist counsel in the Litigation, and any employee of an expert assisting in the Litigation (hereafter, "Experts") only to the extent the disclosure is, in the judgment of counsel, reasonably necessary to counsel's preparation of the case, and who have completed and signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (v)    Any person called to testify as a witness either at a deposition or court proceeding in the Litigation, but only to the extent necessary for the purpose of assisting in the preparation or examination of the witness, and also only if the persons are informed of the terms of this Standard Protective Order, provided with a copy of the Standard Protective Order and agree, on the record, that they are bound by the terms of the Standard Protective Order and are required not to disclose information contained in the materials designated as "Confidential";

    (vi)    Deposition and court reporters and their support personnel, for purposes of preparing transcripts;

    (vii)    Mediators or other Alternative Dispute Resolution neutrals (including their employees, agents and contractors) to whom disclosure is reasonably necessary to their involvement in the Litigation; and

    (viii)    Any person who created a document or was the recipient thereof.

3. Each person to whom "Highly Confidential-AEO" are permitted to be disclosed pursuant to Section V.(2)(iii) and (iv) shall complete and execute a non-disclosure agreement in the form attached hereto as Exhibit A prior to their receipt of the Highly Confidential-AEO materials, and shall agree to be bound by this Standard Protective Order and to be subject to the jurisdiction of this court for the purposes of enforcement, except that individuals identified in paragraphs VI.(2)(ii) shall not be required to execute the agreement, provided that counsel making disclosure to those individuals advise them of the terms of the Standard Protective Order and they agree to be bound thereby. Counsel for a Party or Non-Party disclosing "Highly Confidential-AEO" materials to persons required to execute non-disclosure agreements shall retain all of the executed

agreements. Copies of the executed agreements shall be preserved by counsel and shall be provided to the opposing Party or Non-Party if the Court so orders upon a showing of good cause.

## VII. USE IN COURT PROCEEDINGS - FILING OF COURT PAPERS

1. No Party waives any right it otherwise would have to discover or object to disclosing or producing any document or information on any ground not addressed in this Protective Order, the Court's April 5, 2019 Order Partially Granting Defendant's Motion For Protective Order (Dkt. No. 31), and/or (ii) the separately proposed Protective Order re: H&S Code §§ 121025(d) and 121026(d). Similarly, no Party waives any right to object on any ground to use of any of the material covered by this Protective Order as evidence in the Litigation.

2. A Party or Non-Party that seeks to file any materials designated as "Confidential" or "Highly Confidential-AEO" pursuant to this Standard Protective Order to the Court in the Litigation must comply with Local Rule 141 (Fed. R. Civ. P. 5.2, 26) for the United States District Court for the Eastern District of California.

## VIII. MISCELLANEOUS PROVISIONS

1. <u>Further Relief</u>: Nothing in this Standard Protective Order shall limit or preclude any Party or Non-Party from seeking further relief or protective orders from this Court as it may be appropriate under California or federal law.

2. <u>Compliance With Other Applicable Laws</u>: Nothing in this Standard Protective Order waives or modifies the requirements that are applicable to particular types of information.

3. <u>Modification</u>: Nothing in this Standard Protective Order abridges the right of any person to seek its modification by the court in the future. Nothing in this Standard Protective Order shall preclude any Party from applying to the court to modify this Standard Protective Order to provide for additional safeguards to ensure the confidentiality of materials produced in this action or otherwise modify this Standard Protective Order for good cause shown.

4. <u>Filing Protected Material</u>: Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party or Non-Party may not file in the public record in this action any Protected Material. A Party or Non-Party that seeks to file under seal any Protected Material must comply with Local Rule 141. Protected Material may only

be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Local Rule 141, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Local Rule 141(b) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Local Rule 141(e) and/or (f), unless otherwise instructed by the court.

5. <u>Additional Parties</u>: In the event that additional Parties join or are joined in this Litigation, they shall not have access to Protected Materials until they have executed and, at the Request of any Party, filed with the court their agreement to be bound by this Standard Protective Order or until the Court enters an Order extending the application of this Standard Protective Order to the additional Parties.

6. <u>Disposition Of Materials At Conclusion Of Case</u>: Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Within sixty (60) days after final disposition of this action is concluded, each Receiving Party must return all Protected Material to the Producing Party or destroy such Protected Material. As used in this paragraph, "all Protected Material" includes all materials designated "Confidential" or "Highly Confidential-AEO", and all abstracts, compilations, copies, excerpts, extracts, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification under oath to the Producing Party by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any abstracts, compilations, copies, excerpts, extracts, summaries, and any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel for the Parties only are entitled to retain an

1 archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Standard Protective Order.

7. <u>Retention Of Jurisdiction</u>: The Court shall retain jurisdiction over all persons to be bound by the terms of this Standard Protective Order, during the pendency of this Litigation and for the time thereafter as is needed to carry out its terms.

**VIII. STIPULATION**

Subject to the condition precedent of the Court entering this Standard Protective Order, the Parties to this Stipulation and this Litigation shall be bound by this Standard Protective Order.

Dated: May 2, 2019  /s/ Michael D. Abraham
MICHAEL D. ABRAHAM
Bartko, Zankel, Bunzel & Miller
*Attorneys for*
*Defendant A. J. Boggs & Company*

Dated: May 2, 2019  /s/ Patrick Keegan
PATRICK KEEGAN
Keegan & Baker
*Attorneys for*
*Plaintiff John Doe*

Dated: May 2, 2019  /s/ Mona Amini
MONA AMINI
Kazerouni Law Group, APC
*Attorneys for*
*Plaintiffs John Doe 1, John Doe 2, and John Doe 3.*

# EXHIBIT A

## Acknowledgment and Agreement to Be Bound

I, _____ [print or type full name], of _____ _____ [print or type full current home address], declare under penalty of perjury that I have read the Standard Protective Order in its entirety and understand that the Protective Order was issued by the United States District Court for the Eastern District of California in the consolidated action pending in the United States District Court, Eastern District of California, Fresno Division, entitled *John Doe, individually and on behalf of all others similarly situated, v. A.J. Boggs & Company*, Case No. 1:18-CV-01464-AWI-BAM ("the Litigation"). I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____

By (Signature): _____
Print Name: _____
Title: _____
Entity: _____
City and State where sworn and signed: _____

# **ORDER**

The Court adopts the stipulated protective order submitted by the parties. The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents subject to this protective order to be filed under seal must be accompanied by a written request which complies with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a non-dispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential. Also, the parties shall consider resolving any dispute arising under this protective order according to the Court's informal discovery dispute procedure.

IT IS SO ORDERED.

Dated: **May 7, 2019**           /s/ *Barbara A. McAuliffe*
                    UNITED STATES MAGISTRATE JUDGE